DALLAS v. HOLLINGSWORTH.

Nov. Term,
1852.

DALLAS
v.
HOLLINGS-
WORTH.

3 537
145 680

Wednesday,
December 15.

*A.*, a minor, contracted with *B.* to work six months for *B.* at 10 dollars a month; and if he failed to work out the time he was to receive no pay. Having worked for *B.* about three months, he left *B.* without assigning any reason therefor, and being yet a minor, sued *B.* for his labor during said period at 13 dollars a month. *Held*, that the contract was a voidable one. *Held*, also, that *A.* having avoided it by leaving *B.*'s service and commencing the suit, the suit was sustainable for the value of his labor.

ERROR to the *Vermillion* Circuit Court.

BLACKFORD, J.—*Hollingsworth*, a minor, by his next friend, sued *Dallas* in assumpsit before a justice of the peace.

The suit was brought for work and labor from the 26th of *March*, 1850, to the 26th of *June*, 1850, at 13 dollars a month. Demand, 39 dollars.

The defendant filed an account against the plaintiff for 3 dollars and 47 cents.

Verdict and judgment for the plaintiff for 25 dollars and 87 cents. The defendant appealed to the Circuit Court.

The cause was submitted to the Circuit Court without a jury, and judgment rendered for the plaintiff for 24 dollars and 22 cents, with costs.

The defendant brings the case to this Court.

The facts are substantially as follows:

The plaintiff and defendant entered into a contract, by which the former was to work six months for the latter at 10 dollars a month. The plaintiff was to work out the time or have no pay. He worked for the defendant, under the contract, from the 26th of *March*, 1850, till the 21st of *June* of the same year, and then left him without assigning any reason therefor. The plaintiff was a minor when he made the contract, and was still so at the commencement of the suit. The defendant had paid the plaintiff, on account of the work, 3 dollars and 47 cents. The plaintiff, at the time of the trial in 1850, was twenty years of age, and the wages for the season of such laborers as he, ranged from 10 to 13 dollars a month.

VOL. III.—68

## 538 CASES IN THE SUPREME COURT

The main question which this case presents is, whether a suit will lie, under the circumstances, for the value of the plaintiff's labor.

The plaintiff contends that, let the law on the subject as to adults be what it may, he had a right, on account of his infancy, to rescind the contract when he pleased, and sue for the value of his work.

It is a general rule, certainly, that the contracts of an infant are not binding on him. That he is liable on his contract for necessaries, is an exception to the rule. Some of his contracts are said to be, by reason of his infancy alone, absolutely void. But the far greater part of an infant's contracts are voidable only, at the election of the infant. The contract before us, which was for work and labor, is of the latter description, and could be avoided at any time by the plaintiff. He has avoided it by leaving the defendant's service and bringing this suit; and we think the suit is sustainable. The case stands, after the avoidance, as if the work had been done at the defendant's request, without any special contract respecting it. This opinion is supported by the decision of the Supreme Court of Massachusetts in *Vent* v. *Osgood*, 19 Pick. 572. The same doctrine is recognized by the Supreme Court of *New York* in *Medbury* v. *Watrous*, 7 Hill, 110. There is also a still later decision of the last-named Court, in a case like the present, which sustains our opinion. The Court say, in the case last cited, that the infant plaintiff, in such an action, is entitled, by well settled principles of law, to recover such sum for his services as he would be entitled to if there had been no express contract made. A recovery is allowed upon the assumption that there is no express contract at all. *Whitmarsh et al.* v. *Hall*, 3 Denio, 375.

We consider, in the case before us, that the plaintiff was entitled to a judgment for the value of his labor, after deducting the small sum paid to him by the defendant; and that, according to the evidence, the defendant cannot complain of the amount of the judgment.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

J. P. *Usher*, for the plaintiff.

*E. W. McGaughey* and *A. L. Roache*, for the defendant.