ARTHUR A. GREENHILL *vs.* THE CONNECTICUT COMPANY.

* First Judicial District, Hartford, March Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A verdict is properly directed where the conclusion reached is the only one to which the jury could reasonably have come upon the evidence before them.

In the present case the plaintiff sought to recover damages for personal injuries caused by a collision between his automobile and a trolley-car. *Held* that the evidence, viewed in the most favorable light for the plaintiff, would not have warranted the jury in reaching a conclusion that he was free from contributory negligence at the time of the collision, and that there was therefore no error in directing a verdict for the defendant.

Argued March 8th—decided April 30th, 1918.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Bennett, J.;* the trial judge, upon motion of the defendant, directed a verdict in its favor, and from the judgment thereon the plaintiff appealed. *No error.*

*Philo C. Calhoun,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

---

* Transferred from third judicial district.

PER CURIAM. The testimony of the plaintiff, supported by that of the other witnesses offered in his behalf, was to the following effect: The injuries, of which he complains, were sustained by him by reason of a collision between an automobile, which he was operating, and a trolley-car operated by the defendant. The collision occurred in the night season at or near the junction of Connecticut and Stratford avenues in the town of Stratford near the Bridgeport line. The plaintiff was proceeding eastward along Connecticut Avenue toward the junction, on his way to his home in Stratford. The trolley-car was proceeding in the opposite direction. Its route from Stratford extended along Stratford Avenue to the point where Connecticut Avenue joins it, and then followed Stratford Avenue as it swings to the south and continued for some distance southerly of Connecticut Avenue, upon which there were no tracks. The tracks on Stratford Avenue, as they approach Connecticut Avenue from the east, were laid in a curve having a four hundred foot radius and did not present a straight-a-way appearance to a traveler on the latter avenue. The natural and proper course for vehicles proceeding along Connecticut Avenue in the direction of Stratford led them across the trolley-tracks at the junction of the two avenues, in order that they might gain the right side of Stratford Avenue. The plaintiff, as he approached the junction, was intending to take this course, and was going at a moderate rate of speed, estimated by him at from ten to twelve miles an hour. When he was four hundred feet away from the point of crossing he saw a lighted trolley-car carrying an arc headlight, approaching from the east and about one thousand feet on the other side of the crossing. The car was proceeding at a speed of about fifteen miles an hour. When he reached a point about one hundred feet from the crossing the car was still visible and appeared to him,

as he testified, to be about five hundred feet away and standing still.   He continued on, and when he had arrived at a point about twenty-five feet from the crossing he looked and saw the car in what seemed to him to be an unchanged position.   He still continued to go forward to cross the tracks, proceeding at the somewhat lessened speed of about ten miles an hour, when his automobile, while upon the tracks, was struck. He was neither blinded, nor prevented from seeing the road and where he was going, by the car's headlight. There was nothing to obstruct his clear view of the car at any time after he first saw it.   When he was twenty-five feet away from the tracks he could easily have stopped his automobile before reaching them.

Under these conditions, which are those disclosed by the evidence most favorable to the plaintiff, it was not reasonably open to the jury to find that the plaintiff had succeeded in establishing that he was free from contributory negligence.   On the other hand, the conclusion was inevitable that he either failed to make reasonable use of his senses to ascertain the position and movement of the car, whose approach was known to him, or, having made such use, either neglected to exercise common prudence in reasonably conforming his conduct to the conditions his observations must have disclosed to him, or was reckless in his endeavor to beat the car in making the crossing.

In view of this conclusion, it is unnecessary to inquire whether or not, upon the evidence, the jury might reasonably have found that the defendant was guilty of negligence.

There is no error.