Merrimack, }
Oct. 4, 1921. }

### ANDREW G. MOORE, *Guardian* of ALBERT M. MOORE, *v.*
### ADRIAN HOYT.

Under the employers' liability act (Laws 1911, *c.* 163, *s.* 4) an election by a minor to accept compensation as provided thereby is not binding, and upon rescission he may maintain his action at common law.

Certain evidence that an employee was immature, inexperienced and improperly instructed as to the use of a machine which was out of repair warranted the submission of the questions whether his injury resulted from a combination of these conditions, and the liability of the defendant therefor.

A ruling withdrawing from the jury the issue of fraud in obtaining an infant's consent to accept compensation under Laws 1911, *c.* 163, *s.* 4 does not exclude the question under what representations such consent was procured, and a fraudulent procurement thereof may be properly considered in determining how much weight should be given to the infant's admissions contained therein.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Albert Moore was employed in the defendant's factory. The defendant had accepted the provisions of Laws 1911, *c.* 163, and the case was tried at common law.

Albert was eighteen years old at the time of the accident. He had had but little experience with machinery and was put to work upon a stamping machine, cutting out small pieces of brass. The die was operated by a foot treadle, and if the operative kept his foot upon the treadle too long, or if the machine was defective, it would repeat, bringing the die down a second time. While Albert was engaged in this work the machine repeated for some cause unknown to him, and his fingers were caught and injured. A workman who was put upon the machine immediately thereafter found that the machine was worn, and tripped easier than the others. It repeated with him several times when his foot was not on the treadle and he complained of it to the boss.

The defendant's motions for a nonsuit and a directed verdict were denied, subject to exception.

After the accident a man described as an "insurance agent" came to Albert and took his statement, wherein it is said that he kept his foot upon the treadle too long. At the trial Albert denied that such was the fact, and he and others testified that when the statement was taken he insisted that the machine must have repeated from some other cause. The agent declared that it could not be so,

that it would be better for Albert to say he kept his foot upon the treadle, that half pay was all that he could get and that it would be better for him to accept it. Thereupon the statement was signed, and compensation for several weeks was accepted and receipted for. Albert then repudiated the settlement, notified the defendant to that effect and tendered back the money he had received. Subject to exception the court ruled that there was a right to rescind.

In arguing the case to the jury, the plaintiff's counsel claimed that the statement was obtained by the artifices of the insurance agent and was not true. The defendant excepted. Transferred from the April term, 1920, of the superior court by *Branch*, J.

*Robert W. Upton* and *Joseph C. Donovan* (*Mr. Upton* orally), for the plaintiff.

*Lucier & Lucier* (*Mr. Alvin J. Lucier* orally), for the defendant.

Peaslee, J. The employers' liability act provides that " . . . in case the injured workman . . . shall avail himself of this act, either by accepting any compensation hereunder, by giving the notice hereinafter prescribed, or by beginning proceedings therefor in any manner on account of any such injury, he shall be barred from recovery in every action at common law or under any other statute on account of the same injury." Laws 1911, *c.* 163, *s.* 4. In the present case the injured employee was a minor and accepted and receipted for compensation for several weeks. He then repudiated the transaction, tendered back the money that had been paid to him, and fully rescinded the election to take under the act, so far as he could do so legally. The ruling that thereafter he could maintain an action at common law presents the question whether the statute makes an election under it by a minor binding upon him, or whether he has the same privilege in this matter as in others of a similar kind.

Whether such election is to be treated as contractual in its nature, or whether the statute provides for a change of status at the election of the employee, is not of controlling importance here. The test to determine the effect of a minor's acts is not the fact that they would result in a contract obligation (if binding upon him) but whether they are acts requiring the exercise of knowledge, judgment and discretion in the surrender or acquisition of his rights, or in the assumption of liability by him. "If the rule was otherwise,

the protection which the law extends to him would be completely eluded." *Person* v. *Chase,* 37 Vt. 647, 649. The result of the election here claimed would amount to a release or discharge of the defendant's common-law liability for the accident. That it would be voidable at common law does not admit of serious doubt. *Young* v. *Sterling Leather Works,* 91 N. J. Law 289. "The general rule of the present day is that an infant shall be bound by no act which is not beneficial to him." Sch. Dom. Rel., *s.* 400 (5th ed.).

*Beliveau* v. *Company,* 68 N. H. 225, is relied upon by the defendant. The decision in that case is that the acts of an attorney employed by the minor's next friend, through whom a suit has been brought, are binding upon the minor. This is put upon the ground that the next friend is in law a representative of the minor and is clothed with power to conduct the suit. The whole tenor of the opinion carries the implication that if the minor had attempted to act independently she would not have been bound. The case has only a remote bearing upon the present controversy, but as far as it goes it is an authority for the plaintiff rather than for the defendant. There is nothing in the opinion to cast any doubt upon the accepted rule that in general minors may avoid their acts. *Stack* v. *Cavanaugh,* 67 N. H. 149.

Nor is there anything in the language of the statute to indicate a legislative intent to curtail the rights of minors in this respect. The suggestion that as one purpose of the act was to induce employees to accept its provisions (*Sullivan Machine Co.* v. *Stowell, ante,* 158), therefore existing rights of minors are abrogated, is not of a convincing character. The statute seeks to induce acceptance by the offer of benefits thought to be calculated to appeal to the judgment of employees. But their judgment is still to be exercised; and it is not to be presumed that a provision that rights shall be cut off by the exercise of judgment in making a selection was intended to apply to those who in the eye of the law have no judgment. It is not reasonable to infer that a proposition calling for the exercise of qualities commonly lacking in minors was intended to be applicable to them.

It is also urged that the provision of section 8 that if the employee is "mentally incompetent" his guardian may act for him in these matters shows that minors are to act for themselves, otherwise they would have been mentioned therein. The argument is that the legislative intent was to protect those who are mentally incompetent because they are abnormal, and at the same time to leave without protection those whose normal condition is one of incompe-

tency. The use of the expression mentally incompetent instead of the statutory terms insane (P. S., c. 179) and disabled (Laws 1899, c. 35) suggests an intent that the provision shall have a broader application. The term used is an appropriate one to describe not only the insane, but also the infirm and the immature. The thought expressed by the legislature was that the election should be binding only when made by one fully competent to transact his ordinary business.

The legislature has the right to take away the protection which the law has always given to minors; but such a radical departure from well established principles cannot be shown by doubtful inferences, or uncertain implication. If such a change had been intended, it should have been, and probably would have been, plainly expressed. The utmost that can be said for the defendant upon this question is "that the Legislature in passing this act did not have in mind such a case as is here presented. . . . The Legislature simply have not covered the case." *King* v. *Viscoloid Co.*, 219 Mass. 420, 424.

There was no error in the ruling that the action at law could be maintained. The same conclusion was reached in England, upon a somewhat similar statutory provision. *Stephens* v. *Duxbridge Iron Works Co.*, [1904] 2 K. B. 225.

The defendant's motions for a nonsuit and for a directed verdict because of insufficiency in the evidence were also rightly denied. There was testimony that the employee was immature and inexperienced, that he was not properly instructed and that the machine he was put to work upon was out of repair and unusually dangerous to operate. It could be found that the accident resulted from a combination of these conditions and that the defendant was liable therefor.

A statement by the employee was taken shortly after he was injured. It assigned a cause for the accident for which the defendant would not be liable. It is insisted that this statement should be taken to be true, and that therefore the case should not have been submitted to the jury. But there was also evidence that Moore refused to assign such a cause for the accident until urged to do so by the man who took the statement, and who insisted that the accident could have happened in no other way. At the trial, Moore denied the existence of this cause, and it was for the jury to pass upon the discrepancy.

The plaintiff claimed to avoid the election to take under the act upon the ground that the acceptance was induced by fraud, as well

as because of infancy. When the presiding justice ruled that the plaintiff could avoid upon the latter ground, the issue of fraud was withdrawn from the jury. Subject to exception, the plaintiff's counsel was permitted to argue to the jury that the statement before referred to was obtained by fraud.

The ruling withdrawing from the consideration of the jury the issue of fraud in obtaining a consent to accept compensation did not remove from the case the question how and under what circumstances the statement was given. The accuracy or inaccuracy of the statement was a vital question in the case, and comment upon any fact in evidence bearing thereon was legitimate argument.

The claim that because the party who took the statement was merely described as an insurance agent, therefore it did not appear that the defendant was liable for his conduct, is beside the mark. It is not necessary to decide whether the defendant, in taking advantage of what the insurance agent did, would be bound by his acts. Conceding that the defendant would not be so bound, the circumstances under which the statement was made were plainly competent evidence tending to show how much or how little weight should be given to the admissions contained therein. *Whitman* v. *Morey,* 63 N. H. 448.

*Exceptions overruled.*

All concurred.