PASQUALE GIANOTTA vs. THE NEW YORK, NEW HAVEN
AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, March Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A plaintiff who attempts to drive over a highway grade-crossing in
the face of a swiftly-approaching train, of which he had an unin-
terrupted view for eight or nine hundred feet in ample time to
have stopped his slowly-moving automobile, is guilty of contribu-
tory negligence; and the refusal of the trial court, under such cir-
cumstances, to set aside a verdict in his favor, is error.

Argued March 6th—decided April 4th, 1923.

ACTION to recover damages for negligently colliding
with and demolishing the plaintiff's automobile at a
highway grade-crossing, brought to the Court of Com-
mon Pleas in Hartford County and tried to the jury
before *Malloy, J.;* verdict and judgment for the plain-
tiff for $700, and appeal by the defendant. *Error and
new trial ordered.*

*James W. Carpenter*, with whom, on the brief, was
*Harry M. French*, for the appellant (defendant).

*William F. Mangan*, with whom, on the brief, was
*Bernard F. Gaffney*, for the appellee (plaintiff).

PER CURIAM. The appeal is based upon the denial
of the defendant's motion to set aside the verdict and
grant a new trial. The defendant's trolley-car ran into
plaintiff's automobile when it was crossing a grade-
crossing in Berlin. The sole question upon the appeal
is as to the contributory negligence of the plaintiff.
The plaintiff offered evidence to prove that he stopped
his automobile in the highway at a point about fifteen

feet south of defendant's main track, and looked in either direction up and down defendant's track and neither saw nor heard defendant's car approaching from the east, and that when his automobile was upon the track he saw for the first time the approaching car, one hundred and fifty feet distant, and traveling upward of thirty-five miles an hour and too late to avoid the collision. He further offered the evidence of himself and two witnesses that at the point where he stopped and looked, a car approaching from the east could have been seen for not to exceed two hundred to four hundred feet.

The defendant offered evidence of the physical facts surrounding the situation, from which it must be found that the plaintiff at the point where he claims to have stopped could have seen the approaching car for a distance of eight hundred feet, and that his view as he neared the track increased to nine hundred feet.

It follows that the plaintiff and his witness were either mistaken as to the point where they looked, or failed to look within the distance of about fifteen feet from this main track. Not to have looked within this distance was clearly negligence. Had he looked and seen the approaching car he could, at the speed at which he was going—two miles an hour—have stopped his car and avoided the accident.

To hold, as did the trial court, that there was a conflict in the evidence as to the distance the plaintiff could have seen the approaching car, is to disregard the physical facts which mark the line of vision and concerning which reasoning minds could not reasonably differ.

There is error and a new trial is ordered.