JAN J. BUDAJ *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued October 3d—decided November 7th, 1928.

*James W. Carpenter,* for the appellant (defendant).

*William M. Harney,* for the appellee (plaintiff).

BANKS, J. The defendant appeals from the denial of its motion to set aside the verdict and grant a new trial. The plaintiff was struck by the defendant's trolley car as he was about to enter an automobile which was standing from three to five feet from the rails of the trolley tracks. The plaintiff had crossed from the opposite side of the street and passed around the rear end of the automobile for the purpose of entering it on the side which was nearest the trolley tracks. The trolley car which struck him had stopped at a station which was about twenty-five feet back of the standing automobile and there was an uninterrupted view for five hundred feet from the point where the automobile stood in the direction from which the trolley car was approaching. It was night and the lights within the trolley car were lighted and the incandescent headlight but not the searchlight. These were facts as to which, upon the evidence offered by both parties, there could be no real dispute. The plaintiff testified that before passing to the rear of the automobile he looked in the direction from which the trolley car was approaching and saw nothing. It is obvious that if he had looked he could not have failed to see the trolley car. He either failed to look or if he looked failed to exercise reasonable care in

failing, as he passed in the rear of the automobile, to see the trolley car which either then stood at the station about twenty-five feet away or was approaching between that point and the point where the plaintiff was passing in the rear of the automobile. Where testimony is thus in conflict with indisputable physical facts, the facts demonstrate that the testimony is either intentionally or unintentionally untrue, and leave no real question of conflict of evidence for the jury concerning which reasonable minds could reasonably differ. *Gianotta* v. *New York, N. H. & H. R. Co.,* 98 Conn. 743, 744, 120 Atl. 560; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Smart* v. *Bissonette,* 106 Conn. 447, 449, 138 Atl. 365.

The verdict in favor of the plaintiff cannot therefore be supported unless the evidence furnishes a reasonable basis for the application of the so-called last-clear-chance doctrine thereby relegating the plaintiff's negligence from the position of proximate cause to that of a remote cause. The burden of establishing the conditions required to put this doctrine into operation rested upon the plaintiff. He was bound to produce evidence furnishing a reasonable basis for a finding by the jury that after he came into a position of peril the motorman knew or ought to have known of that fact and that the plaintiff either could not or would not escape from it, and that thereafter the motorman had time and opportunity, with the exercise of reasonable effort on his part, to have stopped his car in season to avoid striking the plaintiff. The plaintiff came into a position of peril when he came around the rear of the automobile and was between it and the trolley tracks and so close to the latter as to be in danger of being struck by the oncoming trolley car. There was evidence from which the jury could reasonably have found that the motorman either saw

or should have seen him as soon as he came into the zone of danger and should have realized that he would make no effort to escape. The important question is whether the motorman thereafter had an opportunity by the exercise of reasonable care to avoid striking the plaintiff. The solution of this question depends upon the location of the trolley car at the time that the plaintiff entered the zone of danger. If it were so close to the plaintiff that nothing that the motorman could have done would have prevented the accident the plaintiff could not recover. It was therefore incumbent upon the plaintiff to offer evidence as to the location of the trolley car at the time that he entered the zone of danger from which the jury could draw a reasonable inference that the distance between the car and the plaintiff was at that time such that the motorman could have avoided striking him. The record is barren of any direct evidence as to the relative positions of the plaintiff and the trolley car when the former entered the zone of danger, except that of the motorman that when the trolley car was right up to the rear end of the automobile a man dodged out behind the automobile in between that and the trolley car. If this evidence is to be disregarded because the jury were not bound to believe it, the plaintiff's case is left without any evidence upon this point which is vital to the plaintiff's recovery.

The plaintiff testified that it was "three or four steps, maybe not as much," from the rear of the automobile to the door which he was about to enter when he was struck. Assuming that the jury could reasonably have found that he was in the zone of danger while he was taking these three or four steps, the location of the trolley car when the plaintiff entered the zone is still left to conjecture and the jury could only speculate as to whether the motorman had an opportunity there-

after to avoid striking him. The only evidence as to the speed of the car and the distance within which it could be stopped was that offered by the defendant to the effect that the car was going slowly, about three or four miles an hour and could be stopped and was stopped in about half its length. The only reasonable and permissible inference from the evidence was that the motorman had no opportunity to avoid striking the plaintiff by anything he could have done after the plaintiff came into the zone of danger. It follows that the court erred in denying the defendant's motion to set the verdict aside.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.