PETER P. DEMARAS, ADMINISTRATOR, *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 22d—decided March 2d, 1929.

*Charles A. Harrison,* for the appellant (plaintiff).

*William B. Gumbart,* with whom, on the brief, was *Charles A. Watrous,* for the appellee (defendant).

MALTBIE, J. The following are the facts as they appear in the evidence offered by the plaintiff: His decedent was riding a bicycle either in an easterly direction along the north sidewalk of Elm Street in West Haven, or out of a driveway leading from the street to an apartment house standing about thirty-three feet to the north of the inner edge of the sidewalk. At any

rate, from the point where the driveway crosses the sidewalk he rode down the driveway into the street and thence forward almost in a straight line, intending to cross the tracks of the defendant to the other side of the street. He ran into the side of a car of the defendant, striking it near the front, and receiving the injury from which he later died. The car, which was proceeding in a westerly direction, had stopped to let off a passenger at the corner of Third Avenue, which was some two hundred and forty feet easterly from the point of the accident, and then started up and was proceeding up to the time of the accident at a not unusual speed. The motorman saw the boy when he was about fifty or seventy-five feet away, but did not sound his gong, nor did he put on his brakes until the moment of the collision or immediately thereafter.

In a statement made before he died, the decedent said he saw the car when it was at Third Avenue. Taking as the speed of the car the highest mentioned by any witness, twenty miles an hour, and assuming that it maintained that speed all the way, it would have taken it about eight seconds to have run from the corner of Third Avenue to the point of the accident; the decedent was riding the bicycle at a "pretty good speed," one witness placing it at from four to seven miles an hour; it was twenty-four feet from the outer edge of the sidewalk to the nearest trolley rail; it is thus manifest that the boy must have seen the car at the corner a considerable distance before arriving at the point where he rode from the sidewalk down the driveway to the street. After he reached that point, he was observed to be looking in an easterly direction, that is, in the direction from which the car was coming, but along the sidewalk and, as one witness testified, after he rode into the street his eyes were still on the sidewalk and he was apparently looking at the passenger

who had alighted at Third Avenue rather than toward the car. There was no other traffic on the street at the time and nothing to prevent him from watching the approach of the car before he reached the point where the driveway crosses the sidewalk, or thereafter. He was sixteen years old, physically and mentally well developed, bright and alert, and at the time employed in taking orders for a grocery store and attending night school in the evening.

It is hard to believe that the decedent, as he was looking in an easterly direction after riding from the sidewalk down the driveway and into the street, did not become aware that the car was approaching. If he did, and yet continued riding straight ahead toward the course it must take with the purpose of crossing in front of it, it is not possible to escape the conclusion that he was guilty of negligence; the danger of collision must have become evident to him, had he been in the exercise of reasonable care; yet, with the ability quickly to turn his bicycle to one side so as to avoid striking the car he continued straight on until he ran into it. If, on the other hand, we assume that he did not see the approach of the car as he rode toward the track, we have a situation where, becoming aware that it was approaching before he left the sidewalk to ride into the street, he never looked again to see how near or how fast it might be coming until he ran into it; certainly that was not to make a reasonable use of his faculties. Whatever might be the conclusion as to the negligence of the motorman of the car, the jury could not upon these facts reasonably have found the decedent free of contributory negligence. *Jollimore* v. *Connecticut Co.*, 86 Conn. 314, 85 Atl. 373; *Greenhill* v. *Connecticut Co.*, 92 Conn. 560, 103 Atl. 606; *Deutsch* v. *Connecticut Co.*, 98 Conn. 482, 486, 119 Atl. 891; *Sistare* v. *Connecticut Co.*, 101 Conn. 459, 464, 126 Atl. 688; *Hizam* v. *Black-*

*man,* 103 Conn. 547, 550, 131 Atl. 415; *Gianotta v. New York, N. H. & H. R. Co.,* 98 Conn. 743, 120 Atl. 560.

There is no error.

In this opinion the other judges concurred.