HENRY A. WELLS, ADMINISTRATOR, (ESTATE OF ROBERT ELLSWORTH WELLS) *vs.* JOSEPH RADVILLE ET ALS.

First Judicial District, Hartford, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October 15th, 1930—decided January 13th, 1931.

*DeLancey S. Pelgrift* and *William M. Greenstein,* for the appellants (defendants).

*Ralph O. Wells* and *William S. Locke,* for the appellee (plaintiff).

AVERY, J. The defendants Max Lavitt and Paul Lavitt, were partners in business, raising tobacco on several farms in the town of Ellington. On July 26th, 1928, at the time of the injury and death of plaintiff's decedent, Robert Ellsworth Wells, of Rockville, these defendants were employing about four hundred persons in the operations of their farms. They provided transportation for such of their employees as came from distant towns, from their places of residence to and from the farms. The employees came from various adjoining towns—Hartford, Manchester, Rockville and others. The Lavitts used eight trucks in transporting their employees, two of their own and six hired. Joseph Radville, with his truck, was hired for this purpose. Radville had no connection with the

Lavitts except the transportation of their employees. On July 26th, 1928, in the afternoon, a truck owned and operated by Radville, and transporting some forty-eight employees from the Lavitt farm in Ellington to Manchester and Hartford, upset in the town of Vernon, and burned. The plaintiff's decedent, a boy of eleven years of age, Robert Ellsworth Wells, an employee of the defendants, while being transported to his home in Rockville, was injured in the accident and died as a result thereof.

Max and Paul Lavitt were father and son, conducting the tobacco farms as partners under the name of Max Lavitt; and provided transportation of their employees from their homes to the farms as part of the contract of employment. The injury to plaintiff's decedent thus occurred in the course of and arose out of the employment. *Flanagan* v. *Webster & Webster,* 107 Conn. 502, 505, 142 Atl. 201; *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 518, 136 Atl. 105.

More than a year after the accident (on December 16th, 1929) the plaintiff, through his attorneys, tendered back to Max Lavitt the wages Wells had received and notified Lavitt that the minor's contract of employment was voided. No notice of withdrawal from the Compensation Act was given by or on behalf of employer or employee before the death of Wells. This action was begun by the plaintiff against Radville and the two Lavitts more than six months after the death of Wells but within a year.

This appeal presents the question whether the administrator of the estate of a deceased minor employee, after the death of the minor as the result of an injury received in the course of his employment and arising out of it, may elect to waive the provisions of the Workmen's Compensation Act and bring an action for damages at law, where previous to the death of the

minor no notice of withdrawal had been given by either employer or employee. The provisions of the Workmen's Compensation Act in force at the time of the accident, are now found in the General Statutes, 1930, to which reference is made for convenience. Section 5223 defines an employee as "any person who has entered into or works under any contract of service or apprenticeship with an employer. . . . 'Employer' shall mean any person, corporation, firm, partnership, voluntary association, joint stock association," etc., "using the services of another for pay," etc. Section 5226 provides: "When any person in the mutual relation of employer and employee shall have accepted part B of this chapter, the employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained; . . . The acceptance of part B of this chapter by employers and employees shall be understood to include the mutual renunciation and waiver of all rights and claims arising out of personal injuries sustained in the course of employment as aforesaid, other than rights and claims given by part B of this chapter." Section 5227 provides: "All contracts of employment between an employer and employee, as such terms are defined in section 5223, . . . shall be conclusively presumed to include a mutual agreement between employer and employee to accept part B and become bound thereby, unless either employer or employee shall, by written stipulation in the contract, or by such notice as is prescribed in section 5228, indicate his refusal to accept the provisions of part B." Section 5228 provides: "Acceptance of part B may be withdrawn by written or printed notice from either employer or employee to the other party and to the compensation commis-

sioner of the district in which the employee is employed. Notice of withdrawal may be served by personal presentation or by registered letter addressed to the person on whom it is to be served at his last known residence or place of business; and such notice shall become effective thirty days after service. Either employer or employee who has withdrawn acceptance may renew the same by the same notice and procedure as is prescribed for withdrawals. Notice on behalf of a minor shall be given by or to his parent or guardian or if there be no parent or guardian then by or to such minor." Section 5258 provides: "When any employee affected by the provisions of this chapter, or any person entitled to compensation hereunder, shall be a minor or mentally incompetent, his parent or duly appointed guardian may, on his behalf, perform any act or duty required or exercise any right conferred by the provisions of this chapter with the same effect as if such person were legally capable to act in his own behalf and had so acted. The commissioner may, for just cause shown, authorize or direct the payment of compensation directly to a minor, or to some person nominated by the minor and approved by the commissioner, which person shall act in behalf of said minor."

These sections make it abundantly clear that minors are entitled to the benefits of the Workmen's Compensation Act in all respects on equality with persons who are fully *sui juris;* and are, by § 5227, conclusively presumed to have agreed to accept the provisions of the Act and be bound thereby unless notices of nonacceptance or withdrawal have been filed as is provided therein. It follows, then, that the plaintiff, as administrator, could not, after the death of the decedent, exercise an election to renounce the benefits of the Compensation Act and bring suit at law for damages.

In construing their own Compensation Acts, the courts of the various States have generally adopted this view. In the case of *Chicago, R. I. & P. Ry. Co.* v. *Fuller,* 105 Kan. 608, 614, 186 Pac. 127, 130, the court said: "The argument is that the matter is contractual, and that a minor is not bound by his contracts. The Compensation Act, by various references to minor workmen, fairly shows an intention to bring them within its provisions. It is competent for the legislature to place upon minors the obligations of an affirmative election not to come within the Compensation Act in order not to be subject to its provisions . . . and this it appears to have done. If the result sought to be obtained is inconsistent with the general law with respect to the extent to which a minor is bound by his contracts, then the more recent act controls, the prior law being repealed by implication to the extent of the conflict." The same conclusion was arrived at in New Jersey, *Young* v. *Sterling Leather Works,* 91 N. J. L. 289, 293, 102 Atl. 395, 397; in Massachusetts, *Gilbert* v. *Wire Goods Co.,* 233 Mass. 570, 572, 124 N.E. 479, 480; and elsewhere—*Elkhorn Coal Corporation* v. *Diets,* 225 Ky. 753, 757, 9 S. W. (2d) 1100, 1102; *Rasi* v. *Howard Mfg. Co.,* 109 Wash. 524, 528, 187 Pac. 327, 328; *Noreen* v. *Vogel & Bros., Inc.,* 231 N. Y. 317, 322, 132 N. E. 102, 103.

It is true that a somewhat different conclusion was reached in New Hampshire, *Moore* v. *Hoyt,* 80 N. H. 168, 116 Atl. 29, although the precise question here presented did not arise in that case. Under the New Hampshire statute, a right of election was given to the injured workman, after injury, to accept benefits under the compensation statute or sue at law. In that case, the minor had accepted compensation after the injury, tendered it back, and sued at law, and it was held that the minor was not precluded by his accep-

tance of benefits under the Compensation Act from suing at law. The English case of *Stephens* v. *Dudbridge Ironworks Co., Ltd.,* L. R. (1904) 2 K. B. 225, arose under a similar statutory provision.

Under our Compensation Act, an agreement to accept its provisions is conclusively presumed from the fact of employment unless notices of withdrawal are given as prescribed. It is a contract implied by the law from the relationship of employer and employee for the benefit of both parties. Whereas a minor is not held to the performance of his contractual agreements as such, because the law recognizes his immaturity and inability to protect himself; yet, on the other hand, when the contract is for his benefit, the law imposes upon a minor an obligation binding upon him, such as the obligation to pay the reasonable value of necessaries furnished to him. *Young* v. *Sterling Leather Works,* 91 N. J. L. 289, 293, 102 Atl. 395, 397. The contract implied by the Compensation Act, that both parties agree to accept its benefits and be bound thereby in lieu of any other remedy, being a contract implied by the law for the mutual protection and benefit of both, there seems no logical reason why a minor should not be bound and subject to this implied contract just as much as a person of full age and *sui juris*. We conclude, therefore, that a minor employee is subject to the terms of our Compensation Act to the same extent as an adult, that the plain language of the Act itself, the weight of authority in other States, and the substantial justice of the situation support this view.

The defendants Max and Paul Lavitt, filed a motion to set aside the verdict as against the law, the evidence, and as excessive. The claim is made on behalf of the plaintiff that the legal sufficiency of the evidence to support the verdict cannot be tested on this motion, and that the defendants should have filed a motion in

arrest of judgment. Doubtless a motion in arrest of judgment is an appropriate method of testing the legal sufficiency of facts alleged in the pleadings to constitute a cause of action or defense. *Cook* v. *Morris*, 66 Conn. 196, 204, 33 Atl. 994. "Strictly speaking, motions in arrest of judgment are for matters appearing upon the record, and if sustained judgment is arrested and a repleader is awarded or the record amended." *Hamilton* v. *Pease*, 38 Conn. 115, 120. In the case before us, however, the legal sufficiency of the pleadings is not sought to be raised by this motion. The defendant Paul Lavitt, in his answer, by way of a special defense, alleged that the plaintiff's decedent was in the defendants' employ, under a contract of employment, in accordance with the terms of the Workmen's Compensation Act. This was denied by the plaintiff in a reply. The defendant Max Lavitt, in his separate answer, by way of special defense, alleged, in substance, that at the time of the accident, the plaintiff's decedent was in his employ, under a contract of employment, and that the injury arose out of and in the course of the employment. To this special defense, the plaintiff filed a reply, alleging that "if any contract of employment at any time existed between the defendant Max Lavitt and said minor decedent, the same was avoided by the plaintiff and all payments made by the defendant Max Lavitt to the said decedent or the plaintiff as his administrator under or by virtue of said alleged contract of employment have been returned with interest by the plaintiff to the said defendant Max Lavitt and accepted by the said defendant." This was denied by the defendant in a rejoinder.

The question raised by this motion is not the legal sufficiency of the facts appearing in the pleadings to constitute a cause of action or defense, but whether,

under the pleadings, there was any evidence upon which the jury could reasonably have reached the conclusion, either that at the time of the injury the plaintiff's decedent was not an employee of the defendants, or that the contract of employment had been avoided, and the payments made thereunder to the decedent returned to the defendants, and accepted by them. There is no conflict in the evidence on these points. It appears beyond question that at the time of the accident the plaintiff's decedent was in the employ of the defendants, and was injured in the course of his employment from a cause arising out of it; that no notice of withdrawal from the Compensation Act had been given by him, or on his behalf, previous to the accident; that on December 16th, 1929, about eighteen months after the accident and death of the plaintiff's decedent, counsel for the plaintiff wrote a letter to the defendant Max Lavitt, notifying him that the contract of employment with the decedent was avoided, and enclosing his check for $5 for wages paid to the decedent on account of his services; and that the defendant did not accept the check, or payment, but returned the same by mail and notified the plaintiff that he would not accept it. The evidence establishing these facts was undisputed, and upon this state of the evidence there was no basis upon which the jury, acting as reasonable men, could have concluded otherwise than that, at the time of the accident, the plaintiff's decedent was an employee of the defendants, and that neither party had withdrawn from the provisions of the Workmen's Compensation Act, and that the contract of employment had not been avoided. "A verdict which, upon the evidence, the jury could not reasonably have reached, will be set aside." *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Steinert* v. *Whitcomb,* 84 Conn. 262, 263,

79 Atl. 675; *Gianotta* v. *New York, N. H. & H. R. Co.,* 98 Conn. 743, 744, 120 Atl. 560; *Budaj* v. *Connecticut Co.,* 108 Conn. 474, 476, 143 Atl. 527; *Silva* v. *New York, N. H. & H. R. Co.,* 111 Conn. 725, 150 Atl. 916.

It appears from the evidence that compensation insurance was carried in the name of Max Lavitt. It is not clear that this compensation insurance covered the liability of Paul Lavitt, and the claim is made by the plaintiff that Paul Lavitt may be sued at law under Section 5263 of the General Statutes, which provides: "Sec. 5263. RESULT OF EMPLOYER'S FAILURE TO COMPLY WITH THIS CHAPTER. If an employer shall have accepted the provisions of part B of this chapter and thereafter shall fail to conform to any provision of section 5255, an employee shall have the option to elect either to claim his right to compensation under the terms of part B or to bring an action to recover damages under the terms of part A of this chapter. If such employer be a corporation, such action may be brought against any or all the directors of such corporation, who shall be, individually and jointly and severally, liable for any damage suffered by such employee. If the injury sustained shall result in death, the option to elect shall be exercised by those persons entitled to compensation under the provisions of section 5234. In the event of a failure by such persons to agree upon the election, the commissioner shall decide and his decision shall be final. The option to elect to bring an action to recover damages under the terms of part A shall be exercised by notifying the employer within six months after receiving the injury upon which such claim is based, and such action shall be brought within one year from the date of such injury. If the employer shall not be so notified, there shall remain only the right to compensation under the terms of part B. If an employer shall have accepted the provisions of part B

and thereafter shall fail to conform to any provision of part B, he shall be fined not more than one hundred dollars for each such failure."

It clearly appears from the record and was admitted in brief and argument by the plaintiff that no notice whatever was given to the employer within the six months' period after the injury was received by any person; and the suit was not brought until more than six months after the injury and death of Wells. The option to elect to bring suit at law not having been exercised as the Compensation Act requires, the right to bring an action at law cannot be maintained. The plaintiff further claims that Wells, the minor, having been at the time of his death eleven years of age, the court should indulge a presumption that the giving of notice was impossible because the deceased had no dependents. A minor may have dependents; *Draus* v. *International Silver Co.*, 105 Conn. 415, 420, 135 Atl. 437; *Mahoney* v. *Gamble-Desmond Co.*, 90 Conn. 255, 257, 258, 96 Atl. 1025; *Mazzie* v. *Lavitt*, 112 Conn. 233, 152 Atl. 144.

As the evidence shows no liability upon the part of either Max Lavitt or Paul Lavitt to this plaintiff, the verdict against them should have been set aside.

There is error and a new trial is ordered as to the defendants Max Lavitt and Paul Lavitt.

In this opinion HINMAN and BANKS, Js., concurred.

MALTBIE, J. (concurring in the result). It does not seem to me that the opinion quite reaches the heart of the problem before us. The effect of the Compensation Act, when applicable, is not to create a contract between the parties but to add an incident to the contractual relationship they have themselves created. All the terms quoted in the majority opinion are apt to

this situation and I can find in them nothing which can reasonably be construed as going farther. Regarded as an incident to the contractual relationship, I cannot see in those terms anything which can be reasonably construed as taking from an infant his common-law right to disaffirm his contract.

This requires a consideration of the effect of such a disaffirmance upon the application of the Compensation Act. If an infant makes a special contract for the rendition of services and later disaffirms it, the particular contractual relationship created by it is at an end. But it still remains true that he has in fact rendered services under a mutual understanding that compensation will be made and this is sufficient to sustain an action upon a *quantum meruit* for the reasonable value of such services. "By the avoidance the contract was annihilated, and the parties are left to their legal rights and remedies, just as if there had never been any contract at all. . . . And so where services have been performed or property delivered by the one to the other, under the expectation that the contract would be fulfilled, the case is to be adjusted and determined by the principles of law, independently of the contract, if it has been avoided." *Vent* v. *Osgood,* 36 Mass. (19 Pick.) 572, 575, 577; *Dallas* v. *Hollingsworth,* 3 Ind. 537; 31 Corpus Juris, 1088.

The Compensation Act is so drawn as to attach, subject to the exceptions it contains, to every relationship of employer and employee, whether resulting from a special contract, or from the mere performance of services under a mutual expectation that compensation will be made. Thus an employee is defined to be "any person who has entered into or works under any contract of service," and an employer as "any person . . . using the services of another for pay." General Statutes, § 5223. "The contract may be established by

evidence showing that an ·express contract was entered into by the parties, or by evidence of facts and circumstances from which, as an inference of fact, it can legally be found that a contract of employment existed between them." *Sibley* v. *State,* 89 Conn. 682, 686, 96 Atl. 161. "All contracts of employment" are conclusively presumed to include the terms of the Compensation Act, unless this is prevented by the presence of some situation excepted by the terms of the Act or unless by the written stipulation of the parties in the contract or by notice of withdrawal of acceptance in the manner specified in the Act. General Statutes, § 5227. It is expressly provided that, in the case of a minor, notice of the withdrawal shall be given by his parents or guardian or, if there be none, by the minor himself. General Statutes, § 5228. I am not able to read these provisions of the Act without seeing in them a clear legislative intent to make it applicable to all cases of the employment of a minor, unless under its terms that application is prevented, whether that employment be under a special contract or under the contract implied in law which still exists after the avoidance of any special contract he may have made. His right to avoid any special contract remains, but if he does so, the terms of the Compensation Act are still binding upon him, unless it be by reason of some provision contained in the Act itself.

In this opinion HAINES, J., concurred.