SAMUEL MLYNAR *vs.* A. H. MERRIMAN & SONS, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 2d—decided April 12th, 1932.

*John F. McDonough,* with whom, on the brief, was *Martin E. Gormley,* for the appellant (defendant).

*Joseph E. Talbot,* with whom was *William P. Wertheimer,* and, on the brief, *Clayton L. Klein,* for the appellee (plaintiff).

BANKS, J.  The plaintiff was injured in a head-on collision between a car which he was operating in a southerly direction on Thomaston Avenue in Waterbury and a milk delivery truck of the defendant.  At the point of collision Thomaston Avenue has a hardened surface eighteen feet in width.  At the easterly edge of the hardened roadway a steep bank rises, and between the westerly edge and the sidewalk curb there is a dirt shoulder about nine feet in width.  The accident happened about half-past two in the morning. The original complaint alleged that the driver of the defendant's truck drove it to the westerly side of the highway and stopped upon that part of the highway

upon which the plaintiff's car was being operated, and that the driver of the truck was negligent in placing it in a dangerous position on the highway and in obstructing the highway at that point.

The plaintiff testified that in his report of the accident to the Motor Vehicle Commissioner he stated that defendant's truck was "parking on the right-hand side," obviously referring to the plaintiff's right-hand side of the road, his testimony being that he was traveling about four feet from the curb, which would place him upon the dirt shoulder of the road where it was claimed the defendant's truck was parked. Upon the trial the plaintiff amended paragraph three of the complaint, which was the paragraph containing the allegation that the defendant's truck had been driven to the westerly side of the highway and stopped, by substituting an allegation that it was being operated on the east side of the highway and was negligently driven to the west side of the highway when it collided with the plaintiff's car. This was the basis upon which he sought to recover. The plaintiff testified that as he was proceeding on his right side of the road he saw the headlights of the defendant's truck approaching on its own side of the road at a distance of fifty to seventy-five feet, and that when the truck was twenty-five feet away it suddenly crossed the highway and came directly into the path of the plaintiff's car. The driver of the defendant's truck testified that from the point where the trolley tracks left the highway, which was some two hundred feet south of the point of collision, he had driven his truck along the dirt shoulder west of the traveled portion of the highway, stopping to deliver milk at various houses, and that at the time of the collision the truck was parked with both left wheels against the curb and completely off the traveled portion of the highway in front of a house

where he had delivered milk. A police officer of the city of Waterbury testified that after the accident the truck was close to the curb and parallel with it, being on the dirt shoulder of the road and three feet off of the hardened surface of the highway, and that he saw the marks of its tires on the dirt shoulder from that point back to the spot where the trolley tracks left the highway, that the plaintiff's car was locked to the truck, and the marks of its tires appeared upon the dirt shoulder of the road for a distance of about two hundred yards. The occupant of the house in front of which the collision occurred also testified that after the collision both left wheels of the truck were close to the curb, and that the fronts of the two vehicles were together with the bumpers locked. The testimony as to the position of the truck after the accident —close to and parallel with the curb and three feet off the hardened surface of the highway—was uncontradicted, and that that was its position after the accident must be taken as an undisputed fact in the case. This renders incredible the plaintiff's testimony that the truck turned sharply across in front of him from the other side of the street when it was only twenty-five feet away. A collision occurring as a result of such operation of the truck could not possibly have left it in the position occupied by it after the accident. Its position demonstrates the untruthfulness of the plaintiff's testimony at the trial but is consistent with the allegations of his original complaint and the statement in his report of the accident that the truck was parking on the right-hand side. When testimony is thus in conflict with indisputable physical facts, the facts demonstrate that the testimony is either intentionally or unintentionally untrue, and leave no real question of conflict of evidence for the jury concerning which reasonable minds could reasonably differ.

*Gianotta* v. *New York, N. H. & H. R. Co.,* 98 Conn. 743, 744, 120 Atl. 560; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Smart* v. *Bissonette,* 106 Conn. 447, 449, 138 Atl. 365; *Budaj* v. *Connecticut Co.,* 108 Conn. 474, 476, 143 Atl. 527.

The dirt shoulder of the road where defendant's truck was parked was not a part of the traveled portion of the highway, as that phrase is used in the rules of the road (General Statutes, § 1639), or in the statute (General Statutes, § 1653) providing that no vehicle shall be permitted to remain stationary on the traveled portion of the highway except upon its right-hand side of such highway, and this shoulder was not a part of the highway intended for ordinary travel. *Kurtz* v. *Morse Oil Co.,* 114 Conn. 336, 158 Atl. 906. The verdict of the jury in favor of the plaintiff cannot therefore be sustained on the theory of the original complaint that the defendant's truck, in parking on the dirt shoulder, was obstructing the highway. Upon his own testimony the plaintiff was operating his car upon the dirt shoulder of the road which was not a part of the road proper and was not intended for ordinary travel.

In the absence of any requests to charge, the court did not err in failing to charge in accordance with the statements contained in the defendant's assignments of error, even to the extent that these were material and correct.

There is error, the judgment is set aside, and a new trial is ordered.

In this opinion the other judges concurred.