RUSSELL B. NICHOLS *v.* LLOYD T. WILLIAMS, JR., ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 1—decided November 26, 1940.

*Michael V. Blansfield* and *Harry M. Albert,* with whom was *Luke Stapleton,* for the appellant (plaintiff).

*Daniel D. Morgan,* with whom, on the brief, was *Joseph B. Morse,* for the appellees (defendants Williams).

*Martin E. Gormley,* with whom was *Samuel E. Hoyt, Jr.,* for the appellees (defendants Graves and Block).

BROWN, J. At about 11.30 p. m. on November 24, 1938, near the westerly edge of the College Highway in Cheshire, the plaintiff was struck and injured by being pinned between the front part of the defendant Block's car proceeding southerly, and the rear of the parked car of Samuel Galvan. The plaintiff sustained serious injuries necessitating the amputation of his right leg. The highway at this place is straight for a distance of several hundred feet and practically level.

It comprises a four foot gravel shoulder at the east, and a four and one-half foot gravel shoulder at the west. Between these, adjoining the east shoulder is the original concrete roadway eighteen feet in width covered with asphalt, and between this and the west shoulder is the area formerly occupied by a trolley track, also covered with asphalt. At the time of the accident it was cold, windy, and a heavy snow was falling. This had accumulated to a depth of about two inches on the ground. The plaintiff was a garage man. Galvan had employed him to tow his car out of a driveway on the west of the road. Shortly before the accident, utilizing a rope from the rear of his tow truck to the rear of Galvan's car, he had towed it out of this driveway and thence northerly onto the westerly side of the highway formerly occupied by the trolley track, stopping his truck opposite an incandescent street light. Its headlights were lighted. Preparatory to turning the truck around to give Galvan's car a push from the rear in an effort to get it started that it might proceed on southerly to New Haven, the plaintiff had gotten out, and was engaged in untying the tow rope from the Galvan car at the time he was struck. Just prior to the collision the defendant Graves in driving the car owned by the defendant Block from the north toward the plaintiff's truck had turned to her right in an effort to pass to the west of it. The defendant Williams, Jr., driving the car owned by the defendant Williams, Sr., followed behind her and did the same. After it had passed the plaintiff's truck, the front end of the Block car contacted the rear right part of the Galvan car, and the Williams car immediately after crashed into the back of the Block car, driving the Galvan car forward. These facts are not disputed. The precise location of the plaintiff's truck, what constitutes the traveled portion of the road,

whether the plaintiff was injured at the original impact of the Block car against the Galvan car or at the second one caused by the collision of the Williams car with the Block car, and what the conduct of the defendant drivers was, are in dispute.

The court set aside the verdict for the plaintiff on the ground that the jury were unwarranted in finding the plaintiff free from contributory negligence. One possible basis for its conclusion suggested in the memorandum of decision is that the plaintiff was negligent as a matter of law in violating the provision of § 1653 of the General Statutes that "no vehicle shall be permitted to remain stationary . . . upon the traveled portion of any highway except upon the right hand side of such highway in the direction in which such vehicle shall be headed. . . ." In *Kurtz* v. *Morse Oil Co.*, 114 Conn. 336, 158 Atl. 906, where we were considering what constituted the "traveled portion" of a hard surfaced road with dirt shoulders, we pointed out (p. 340) that the hard surface corresponded with the portion of the old dirt road which was "wrought for travel," and was the only portion intended and prepared for ordinary travel, and that "the dirt shoulder is not a part of the road proper, but is provided as an additional factor of safety," a place "for emergency use only"; and we concluded (p. 341) that "the traveled portion of the highway comprises only that portion intended for normal travel, excluding the dirt shoulder on either side." The shoulder of such a road is not a part of the "traveled portion" of the highway as that phrase is used in § 1653. *Mlynar* v. *Merriman & Sons, Inc.*, 114 Conn. 647, 651, 159 Atl. 658. That a similar distinction between the shoulder and the traveled portion of the road also applies in the case of a hard surfaced road with a hard shoulder is recognized by our recent decision in *Minacci* v. *Logudice,*

126 Conn. 345, 348, 11 Atl. (2d) 354. See also *Anderson* v. *Colucci*, 119 Conn. 241, 243, 175 Atl. 681; *Vaughn* v. *Healy*, 120 Conn. 589, 595, 182 Atl. 166. With reference to the road in question therefore shoulder and "traveled portion" can only be regarded as referring to specific and different parts of this highway, each exclusive of the other. What constituted the traveled portion of this road presented a question of fact for the jury, and upon this record it must be presumed that the court's instructions for the determination of it were correct. The error in the *Kurtz* case consisted, not in leaving the question of the traveled portion of the highway to the jury as one of fact, but in submitting it under erroneous instructions.

The plaintiff laid in evidence a map of the locus for the purpose of showing the "width, . . . traveled portion, edge . . . , shoulders" of the highway. This portrays four strips or lanes bounded by straight lines parallel with the edges of the highway. The most easterly lane is designated "oiled shoulder" four feet wide; the next, "concrete asphalt covering" eighteen feet wide; the next, "oiled shoulder" seven and three-quarters feet wide; and the next, "gravel" four and a half feet wide. The plaintiff's engineer testified that one of the oiled shoulders adjoined each side of "the concrete highway, eighteen feet wide, and covered with asphalt," that the edges of the concrete strip are discernible, the asphalt being "cracked where the shoulders are settled slightly," and that the concrete strip "is a crowned road." Photographs in evidence clearly reveal this cracked marking in the asphalt. Other witnesses for the plaintiff in testifying to the location of the cars and where he lay after the accident, without objection or qualification, clearly distinguished by their language between the west oiled shoulder and the traveled portion of the road. The

plaintiff himself referred to that part of the road east of the west oiled shoulder as "the main traveling road," and testified that just before the accident he saw traffic approaching from the north "on the main traveled portion of the road." The jury could reasonably have concluded that the westerly edge of the traveled portion of this road was the westerly edge of the concrete strip. Since there is ample evidence that the easterly side of the plaintiff's tow truck was parallel to and two and one-half feet westerly of this west edge of the concrete, the court's decision cannot be supported upon the ground that the plaintiff was negligent as a matter of law in that he was violating § 1653. Nor would the fact, had the jury so found, that the fallen snow rendered it impossible to perceive what was the traveled portion of the road, be effective to extend the operation of the statute beyond the limits thereof.

The other basis stated by the court for its decision is to the effect that the plaintiff under the circumstances was guilty of contributory negligence as a matter of law in parking his truck, getting out, and proceeding to untie the tow rope from the rear of the Galvan car as he did just prior to being struck. The court's conclusion cannot be supported upon this ground unless it be so that the jury could not reasonably have found that the plaintiff exercised that care which a reasonably prudent man would have exercised under the circumstances. The determination as to what these circumstances were involved among others, questions concerning the location of the plaintiff and of the vehicles involved, his knowledge of the lay-out of the road, the light, visibility, weather, condition of the highway and the reasonable probabilities; in short, such conditions as are usually presented in litigation of this nature. Upon the evidence this determination,

as well as that of what the parties did or omitted to do under the circumstances, and of what a reasonably prudent man would have done thereunder, and also a conclusion predicated thereon that the plaintiff was or was not contributorily negligent, presented questions of fact to be determined by the jury, and not by the court as a matter of law. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 257, 21 Atl. 675; *Rozycki* v. *Yantic Grain & Products Co.*, 99 Conn. 711, 715, 122 Atl. 717. The court erred in setting aside the verdict upon this ground.

As contended by the defendants, if the court was warranted in setting aside the verdict for any sufficient reason, although it placed its action upon a wrong ground, this would not constitute error. *Fitch* v. *Hartford*, 92 Conn. 365, 367, 102 Atl. 768. Accordingly, the defendant owner and driver of each of the defendant owners' cars contend that the verdict was properly set aside because there was no evidence upon which the jury could reasonably find either that the driver of the car was negligent, or that his negligence was a proximate cause of the plaintiff's injury. What has been said of the determination of the plaintiff's contributory negligence is equally true of the determination of the negligence of each of the defendant drivers, whose conduct, it is undisputed, is attributable to the respective owners. Among the more patent acts of negligence which the jury were warranted in finding upon the part of each driver, were failure to keep a proper look-out, excessive speed under the circumstances, failure to properly control his car and avoid injuring the plaintiff, and driving to the right of the plaintiff's truck where there was insufficient room to pass instead of to the left of it where there was twenty-four and one-half feet of open unobstructed

road including the entire eighteen foot wide traveled portion of the highway.

Upon the issue of proximate cause the jury could reasonably have found that the plaintiff had just untied the tow rope from the right end of the rear bumper of the Galvan car, that he stood about eight feet south of the rear of his truck and immediately back of the Galvan car, that the left front corner of the Block car had proceeded southerly past the west side of the truck and had almost stopped, lightly contacting the right rear corner of the Galvan car, but in such manner as not to injure the plaintiff; that immediately thereafter the Williams car, following close behind the Block car, crashed violently into its rear as the Block car stopped, forcing it forward and pinning the plaintiff between its front and the rear of the Galvan car with sufficient violence to crush his right leg, crumple the front fender of the Block car, and drive the Galvan car twenty-five feet further south. Upon these facts found, the jury were warranted in concluding that the negligence of the defendant Williams was a substantial factor in producing the plaintiff's injury. As to the defendants Block and Graves the jury were warranted in finding that their negligence gave rise to the situation which left the plaintiff in a position of peril from the collision of the Williams car with the Block car which immediately ensued. They were further warranted in concluding that this negligence was a substantial factor in producing the plaintiff's injury. *Corey* v. *Phillips*, 126 Conn. 246, 254, 10 Atl. (2d) 370.

There is error and the case is remanded with direction to enter judgment on the verdict.

In this opinion MALTBIE, C. J., AVERY and JENNINGS, Js., concurred. ELLS, J., concurred with that part of

the opinion which holds that there was error in setting aside the verdict against the defendants Williams, but dissented with that part which holds there was error in setting it aside as to the defendants Graves and Block.