## LEONARD TUCKER *vs.* GEORGE R. JEWETT.

The defendant held as a deposit a note against himself in favor of the plaintiff, which he refused to deliver up on demand. Held, that trover was the appropriate remedy, and that the plaintiff could not recover the value of the note, as such, in general assumpsit.

It did not appear what the original consideration was, and it was held that, in the absence of any proof on this subject, it would not be presumed that it was of such a character that general assumpsit would lie for it, as it might have been given in settlement of a tort.

Where an auditor found that the plaintiff was indebted to the defendant at the time the suit was brought to a certain amount, which was then a proper subject of set-off against any demand of the plaintiff in the action, and the court in making the set-off brought the interest on the plaintiff's claim down to the time of the judgment, and set off the amount of the defendant's claim as found without interest, it was held that the court erred, and that the defendant's claim should have been applied to the plaintiff's as of the time when the suit was brought.

GENERAL ASSUMPSIT. Facts found by an auditor, and judgment rendered by the superior court (*Park, J.,*) for the plaintiff. Motion in error by the defendant. The case will be sufficiently understood from the opinion.

*Foster* and *Hitchcock,* for the plaintiff in error.

*Goodwin,* for the defendant in error.

McCURDY, J. The judgment of the superior court appears to us erroneous on both of the questions raised at the trial.

1. It is found by the auditor that certain articles of personal property belonging to the plaintiff were left with the defendant as a mere depositary without any right of detention, and were to be returned specifically on demand. Among the things thus left was a promissory note in favor of the plaintiff against the defendant for fifty dollars. That identical note was to be redelivered to the plaintiff whenever he should request it. He made the request and was refused. It does not appear that he demanded or wanted the money, or contemplated a payment of the debt, or that the defendant was unwilling to pay it, but he insisted upon having the instru-

ment itself, the paper upon which the obligation was written. This was a piece of personal property, visible and tangible, and the subject of actual possession. The refusal to deliver it was evidence of a conversion for which a suit in trover was the proper remedy. The court allowed a recovery on the general count in assumpsit, probably on the ground that the note might be left out of view and judgment might be given on the original cause of action. But it does not appear what the original cause of action was, that is, what the transaction was in consideration of which the note was given. It is by no means a uniform rule that general assumpsit will lie for the original consideration of a note. It may have been given in compromise of a tort, as for a libel or an assault and battery. The auditor does not even find that the defendant is indebted to the plaintiff on the note unless he has a right to recover in this form of action.

2. It is found by the auditor that at the commencement of the suit the plaintiff was indebted to the defendant in the sum of $124.25, which was then a proper subject of set-off against any demand upon which the plaintiff might be entitled to recover in the action. The court set off this sum without interest, while allowing interest on the two sums of fifty dollars in favor of the plaintiff down to the time of the judgment. It is very clear that the court should have made an application of this indebtedness to take effect from the time when it was so found to be applicable, in which case there would have been nothing due to the plaintiff, but a small balance in favor of the defendant. *Henry* v. *Butler*, 32 Conn., 140.

We advise a new trial.

In this opinion the other judges concurred.