MARGARET KENURE vs. THE BRAINERD AND ARM-STRONG COMPANY.

Second Judicial District, Norwich, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A father is entitled to the services and earnings of his minor daughter, and to damages for being deprived thereof by the negligence of another; but he may waive or relinquish this right in favor of his daughter, and he does so by instituting an action in her name as her next friend and allowing her to recover for the loss of her time and the impairment of her earning capacity, as well as for her own physical pain and suffering and her permanent injury; and a re-covery by her in such an action estops the father from afterward bringing another suit for such damages.

In the present case the trial court did not inform the jury of the rights of the father to the services of his daughter. *Held* that this omission was harmless, since the right to damages on this account had been relinquished by the father to the daughter, and her recovery es-topped him from maintaining another suit.

The trial court said to the jury that no claim had been made by the plaintiff that she was entitled to recover for the loss of her time "up to the present." *Held* that even if this did imply that she might recover for such loss during that portion of her minority which had not then expired, the remark certainly did not injure the defendant, since there could be no further recovery for this item of damages by the father.

The weight of evidence and the amount of damages to which the plain-tiff is entitled in an action for personal injuries are questions for the determination of the jury.

Argued April 28th—decided June 10th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff for $3,500, and appeal by the defendant. *No error.*

*Michael Kenealy* and *Charles V. James,* for the appellant (defendant).

*Hadlai A. Hull* and *Charles Hadlai Hull,* for the appellee (plaintiff).

THAYER, J. The plaintiff is a minor and sues by her father as next friend. The complaint alleges serious and permanent physical injuries caused by the defendant's negligence, resulting in great pain and suffering to her, in incapacitating her to pursue a course of study in stenography which she had been theretofore pursuing, and in causing her to expend a large sum of money in being cured. The finding shows that evidence was introduced in support of these claims, and also to prove that her earning capacity had, from the time of her injury, been seriously impaired and decreased, and that for a period of about one year immediately following her injury she was unable to work. It also states that there was no evidence showing or tending to show that she had at any time been emancipated by her parents or either of them, or that she was entitled to her own earnings.

The charge of the court is criticised because it failed to inform the jury that the plaintiff was not entitled to recover for her loss of time and services during her minority; because it failed to inform them that she was not entitled to recover for loss or impairment of earning capacity during her minority, or for any pecuniary

damage caused by her injuries during her minority; and because of the statement in the charge that "no claim is made before you that in this action she is entitled to recover anything for her loss of time up to the present."

It is true, as claimed by the defendant, that the plaintiff's time and services during her minority belonged to her father, unless she had been emancipated by him. But the father, by emancipating her, could permit her to appropriate her time and services to herself, or might waive his right to payment for such services or to damages for being deprived of them by the defendant's negligence. It does not appear that he had in fact emancipated her prior to her injuries complained of. But he brings this action as next friend of the plaintiff. Among the damages sought to be recovered are loss of earning capacity and inability to work for a year following her injury, and moneys expended in being cured. The right to recover for these, the plaintiff being a minor, was in the father and not in her. Unless she had been emancipated he was liable for the expenses of her cure, and was entitled to the damages if her injuries incapacitated her for work and lessened her earning capacity. His claiming in her action, in her behalf, a judgment for loss resulting from her inability to work and her lessened earning capacity, and for expenses of being cured, estopped him from thereafter claiming that he was entitled to them. Where a parent thus, as next friend of his minor child, sues and recovers, in her name, damages to which the child, unless emancipated, is not entitled and the parent is entitled, he estops himself from thereafter, in an action in his own name, recovering for the same damages. He thus treats the child as emancipated, at least so far as the recovery for such injuries are concerned, and cannot thereafter be permitted to claim that he and not the

child was entitled to recover for such items. 1 Joyce on Damages, § 301; 2 Sedgwick on Damages (9th Ed.) § 486b; *Baker* v. *Flint & Pere Marquette R. Co.*, 91 Mich. 298, 306, 51 N. W. 897; *Louisville Ry. Co.* v. *Esselman*, 29 Ky. Law Rep. 333, 336. The brief in this case, instituted by the father as next friend of the plaintiff, recognizes and claims this to be the law. While a recovery by the plaintiff of damages for her permanent injuries and pain and suffering would be no bar to a recovery by him for loss of her services in a suit brought in her name by her father (*Wilton* v. *Middlesex Railroad Co.*, 125 Mass. 130, 133), it would be inequitable to permit him to treat these in one action as belonging to her and afterward, in another action, as belonging to him. If, then, as claimed by the defendant, the plaintiff has recovered damages for these items which, if there was no emancipation, belonged to the father, the latter cannot hereafter recover for them in an action in his own name, and the defendant was not harmed by the court's failure to charge that the father and not the plaintiff was entitled to recover for them. The court was not requested to charge upon this point, and from the facts appearing in the finding we cannot say that it erred in neglecting to charge concerning the question.

The appellant's objection to the court's remark that no claim had been made that the plaintiff was entitled to recover for loss of time "up to the present," is that the last four words impliedly limited her disability to recover, to that portion of the period of her minority which preceded the trial, and left the jury to give her damages for the portion subsequent to the trial. However that may be, as there can be no future recovery for the same items by the father in his own name, the defendant is in no condition to complain of the charge. It probably relieves it from the costs of another action.

The assignment of error based upon the court's refusal to set aside the verdict has not been pursued in the brief or argument. We think there was evidence to support the verdict, and its weight was a question for the jury, as was also the amount of damages to which the plaintiff was entitled.

There is no error.

In this opinion the other judges concurred.