JOHN MILLER vs. JESSE D. ADKISSON.

Third Judicial District, New Haven, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 27th—decided March 3d, 1931.

*John Keogh* and *John T. Dwyer*, for the appellant (plaintiff).

*William L. Hadden*, with whom, on the brief, were *David E. FitzGerald* and *David E. FitzGerald, Jr.*, for the appellee (defendant).

HINMAN, J. The plaintiff was struck from the rear by the defendant's automobile while both were proceeding westerly along the Boston Post Road, in West-

port. He was knocked down, rendered unconscious, and seriously injured. The highway at that point consisted of four strips or lanes of concrete, a total of thirty-six feet in width, with a macadam shoulder about five feet wide extending along the northerly side. The plaintiff alleged in pleading and contended in proof that at all times and when he was struck he was walking upon this macadam shoulder and not upon the concreted portion. No claim is made that, upon the evidence, the jury could not reasonably have found the defendant negligent in one or more of the respects alleged in the complaint. The trial court held, however, in passing upon the motion to set the verdict aside, that the position in which the plaintiff lay and was found after the impact constituted a physical fact precluding a finding by the jury that he was walking on this shoulder, but conclusively established that he was traveling upon the concreted portion, and since, confessedly, he made no attempt to keep a lookout for automobiles approaching along the highway behind him he could not reasonably be exculpated from contributory negligence.

The plaintiff testified that he was walking on the shoulder three or four feet from the edge of the concrete, and was struck on the left side of his body; most of his injuries were on that side, although his right humerus was fractured. The defendant claimed that his right bumper or fender struck the plaintiff. It was undisputed that, after the collision, the plaintiff lay mostly on the macadam shoulder but partly on the edge of the concrete; the defendant's claim, sustained by the trial court, was that had the plaintiff been walking where he claimed and there struck, he could not have fallen or been thrown into this position.

We are unable to agree that this fact is entitled to the conclusive effect so accorded it. It may be more

probable that a man so struck would be propelled either directly forward or to his right, away from the concrete, but such a result would not be inevitable. The defendant admitted that upon first seeing the plaintiff, not more than ten feet in front of his automobile, he swerved his car sharply to the left to such an extent that he "swung out into the next [second] traffic lane." We regard it as by no means impossible or improbable that either this movement or some other element of the impact and its consequences could and did cause the plaintiff to so fall or be thrown as to be found lying in or to the left of the course upon which he had been traveling. The physical fact relied on is not such as to demonstrate that the positive testimony of the plaintiff, adhered to under rigorous cross-examination, that he was walking well away from the concreted portion of the highway was untrue, and the jury were not precluded from accepting and adopting that evidence. *Bordonaro v. Senk,* 109 Conn. 428, 147 Atl. 136; *Budaj v. Connecticut Co.,* 108 Conn. 474, 476, 143 Atl. 579. Assuming, although not granting, that if the plaintiff had been walking upon the concrete his conduct as to lookout would have constituted negligence as a matter of law, the plaintiff's evidence as to the place in which he was traveling, if believed by the jury as it evidently was, would be sufficient to warrant them in absolving him from negligence in that respect.

A further consideration impelling the action of the trial court was a belief, expressed in the memorandum of decision, that certain passages in the argument of counsel for the plaintiff unfairly influenced the action of the jury, to the defendant's prejudice. We are not unsympathetic with the trial court's views as to counsel's strictures upon the conduct of the defendant following the collision and the ill-advised nature of the

expressions of opinion as to what his conduct should have been. However, upon the finding, this portion of the argument cannot be regarded as entirely gratuitous in view of the query, by defendant's counsel in his argument, as to "what more could the defendant Adkisson have done under the circumstances?" It appears that no objection or exception was interposed by defendant's counsel at the time, or at the close of the argument. The court, however, instructed the jury that this portion of the argument was entitled to no weight, and was to be disregarded. No claim of prejudice because of improper argument was made a ground of the motion to set aside the verdict.

Cases may occur, but rarely, where the abuse of argument is so flagrant as to warrant a new trial even though counsel have failed to object and the court has taken no steps to prevent or correct the abuse. *State* v. *Laudano,* 74 Conn. 638, 645, 51 Atl. 860. The nullification of a verdict where, as here, the trial court, promptly and unequivocally, has taken action calculated to neutralize the possible effect of improper argument, will seldom be required or warranted—usually only when incompatibility of the verdict with the evidence which the jury were at liberty reasonably to credit and adopt is so obvious and pronounced as to demonstrate that the prejudicial influence of the argument persisted, notwithstanding the court's admonition, and controlled the result to the exclusion of a due regard to the evidence and its proper effect. We accord due weight to the recognized opportunities of the trial court for appraising the effect of occurrences in the course of the trial, and to the breadth of discretion reposed in regard to control over verdicts, but we fail to find, in this case, such incongruity of the verdict with the case presented by the record as to

signify prejudicial effect from the argument in question and to justify setting it aside on that ground.

The amount of damages awarded ($4500) is not necessarily disproportionate with the injuries and consequences therefrom which the plaintiff might reasonably have been found to have sustained, and affords no tangible support for an inference of prejudice or for independent ground of attack upon the verdict as excessive.

There is error and the cause is remanded with direction to enter a judgment for the plaintiff in accordance with the verdict.

In this opinion the other judges concurred.