AMBROSE CARANGELO *vs.* THE NUTMEG FARM, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

458

Argued June 9th—decided August 2d, 1932.

*Walter W. Smyth,* with whom was *John H. Cassidy,* and, on the brief, *William T. Keavney,* for the appellant (defendant).

*Pasquale DeCicco,* with whom was *Francis McDonald,* and, on the brief, *John F. McDonough,* for the appellee (plaintiff).

HINMAN, J.   The injury to the plaintiff occurred on the main highway between Waterbury and Cheshire on September 11th, 1930.   The day was clear and the road dry.   The surfaced portion of the highway was sixteen feet wide and there was a six-foot dirt shoulder on the south.   The plaintiff, then aged eleven years, accompanied by two other boys, went to a dumping ground situated south of the highway and adjacent to the point of collision.   At the dump the plaintiff collected a number of bottles which he placed in a box, one of the other boys helped him to raise this to his shoulder, and all three started toward the highway.   At this time the defendant's truck was traveling easterly and a state truck was approaching westerly engaged in oiling the north shoulder of the

road. The evidence introduced by the plaintiff was that his two companions ran out of the dump, across the highway, and walked behind the state truck to watch the spreading of the oil, while the plaintiff, carrying the box, stood on the south shoulder off the hard surface of the road; he saw the defendant's truck approaching when it was about six hundred feet away, stood still facing and about two feet outside the surfaced highway, and was there struck. Tracks indicated that the truck swerved to the right onto the shoulder about forty feet west of the point where the plaintiff was injured, and that the defendant's driver had applied his brakes seventy-five feet before reaching the plaintiff and continued twenty-five feet after striking him. The driver and a companion testified that the boy standing on the south shoulder of the road was not the plaintiff, but that the plaintiff was one of those following the oil truck and emerged from behind it too suddenly for the driver to avoid him, although he swerved to the right but did not hit the boy who was standing upon the shoulder of the road. The main issue was whether the plaintiff when injured was on the shoulder as he claimed, or, as the defendant contends, came from behind the oil truck on the opposite side of the road.

The principal reliance of the defendant in its attack on the verdict is upon a claim that physical facts preclude the adoption by the jury of the evidence for the plaintiff as to his position at the time he was struck. After the accident, the plaintiff lay upon the surfaced road, his head about four feet northerly of the southerly edge; the position of his body and legs is not specified in the evidence. Witnesses for the plaintiff testified that when the defendant's truck struck the plaintiff the right wheels were four feet on the shoulder and the left wheels two feet upon the

surfaced highway, and that the plaintiff was standing on the shoulder about two feet from the edge. The defendant contends that the position in which the plaintiff lay after the impact is conclusively inconsistent with the presence of the truck and the plaintiff in these locations in that, it is claimed, it would be physically impossible for the plaintiff, if he were struck where and as he claimed, to have fallen or been thrown into the position in which he was found. We do not regard this as necessarily so. While the defendant's driver claimed that it was the left front fender of the truck which struck the boy, it was equally possible that the impact was from some other portion of the front of the truck further to the right. There were no marks on the fender or elsewhere establishing the exact point of impact, the only injury to the truck being a slight bending of the left headlight and the breaking of the glass, which could have been found due to the box of bottles striking against it. Considering the manner and force of the collision, which were such as to throw the plaintiff clear of the path of the truck, as he was not run over, he might well have been propelled toward the left and fallen so as to lie with his head six feet distant from the place where he had been standing. *Miller* v. *Adkisson,* 112 Conn. 658, 660, 153 Atl. 774.

Upon the evidence as to the nature and results of the plaintiff's injuries, the amount of the verdict—$4000, including $555 special damages—is not such as to indicate that the award of this sum was actuated by considerations other than reasonable compensation. It is manifest from the exhaustive memorandum of decision filed that the trial court gave the motion to set aside the verdict painstaking investigation; we find no error in denying it. Printed in the record with the evidence certified are a large number of colloquies

between counsel as to rulings on evidence and other matters not made ground of appeal. The inclusion of these serves no useful purpose, encumbers and unnecessarily expands the record, involves useless expense, and was unwarranted; many of these controversies, also, had no proper place in the trial. *Dejon* v. *Smedley Co.*, 108 Conn. 659, 671, 144 Atl. 473.

Objection was made to the admission in evidence of the bill for hospital care of the plaintiff. It was made out to "Ambrose Carangelo, Nutmeg Farm." The plaintiff testified that he received the bill and there was no suggestion of an intent or attempt of the hospital to look to the defendant for payment. The reference to "Nutmeg Farm" apparently was merely descriptive. Hospital services rendered an injured plaintiff are an element of damage recoverable by him although paid by another. *Beckert* v. *Doble*, 105 Conn. 88, 91, 134 Atl. 154; *Dickerson* v. *Connecticut Co.*, 98 Conn. 87, 93, 118 Atl. 518; *Roth* v. *Chatlos*, 97 Conn. 282, 287, 116 Atl. 332; 4 Sutherland, Damages (4th Ed.) § 1250. The principal objection now urged is that the plaintiff being an infant, the hospital expense is recoverable, if at all, by his parent or guardian instead of by him. His mother, the surviving parent, by bringing this action as plaintiff's next friend waived or relinquished in his favor her right to recover these expenses, and he is entitled to the benefit of that element of damage. For the same reason, the charge that the plaintiff was entitled to recover such expenses for medical and surgical treatment and hospital care as he had proven was correct. *Kenure* v. *Brainerd & Armstrong Co.*, 88 Conn. 265, 267, 91 Atl. 185; 37 A. L. R. 65.

It is also claimed that, as there was no direct evidence of the reasonableness of the charges made by the doctor, there was not proof supporting a recovery

of expenses for medical and surgical treatment, and error is assigned in charging that they were recoverable and in refusing to charge, as requested, that the bill should not be considered. The finding is that the surgeon rendering the services had been in practice over thirty years and enjoyed a high reputation as a bone specialist. He testified in detail as to his treatment of the plaintiff during the two and one half months in the hospital and extended services thereafter; the bill was for $212. It has been held that it is not sufficient to show the amount of the charge for such services without other evidence as to their value. Note, 19 L. R. A. (N. S.) 920; 17 C. J. p. 917. However, we regard as preferable the rule that proof of the expenses paid or incurred affords some evidence of the value of the services, and if unreasonableness in amount does not appear from other evidence or through application of the trier's general knowledge of the subject-matter, its reasonableness will be presumed. This accords with the general practice in trials in this State and is fair as well as practicable; it is only in exceptional cases that the reasonableness of physician's charges as an element of damage in negligence cases is questioned or open to question, and in such cases the adverse party may offer evidence on that point. *Birmingham Ry. L. & P. Co.* v. *Girod,* 164 Ala. 10, 51 So. 242; *Summers* v. *Tarney,* 123 Ind. 560, 563, 24 N. E. 678; 8 R. C. L. p. 498. Also, evidence of the nature and extent of the services rendered and of the standing, experience, and ability of the physician not only is an important aid in determining the reasonableness of his charges, but also may serve to repel suspicion of collusive charge of a speculative fee, which sometimes has been regarded as a purpose for requiring specific proof of reasonableness. The court was correct in not withdrawing the

expense of medical and surgical treatment from consideration as an element of damage.

The trial court, after calling the attention of the jury to the amount of the physician's bill and stating that an inference might be drawn as to its reasonableness from the standing and ability of the physician rendering the service, added: "You cannot allow any amount on that score beyond what is reasonable, but may from your own general knowledge of such matters determine what, if anything, is reasonable for the service rendered, if you come to the point of fixing damage." Had there been opinion evidence as to the reasonableness of the charges it would not have been conclusive upon the jury, but it would have been their duty to weigh it in view of all the circumstances and arrive at their own conclusion. *State* v. *Levy*, 103 Conn. 138, 146, 130 Atl. 96; *Cishowski* v. *Clayton Mfg. Co.*, 105 Conn. 651, 656, 136 Atl. 472. As there was no evidence before the jury as to any medical or surgical services rendered the plaintiff other than those included in the bill, the jury could not have understood the charge as meaning that they could allow a larger sum for such services than was stated in it but only that they were to consider whether that sum, under all the circumstances, was a reasonable charge for the services rendered.

Careful examination of the other assignments concerning the charge, with due reference to the context of the several excerpts complained of and the charge as a whole, reveals no harmful error or inaccuracy, or subject for discussion which would be of any general utility.

There is no error.

In this opinion the other judges concurred.