ANNA MARIA MINACCI *v.* VINCENZO LOGUDICE.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 3—decided February 7, 1940.

*Thomas J. Wall,* for the appellant (plaintiff).

*Charles H. Blackall,* for the appellee (defendant).

BROWN, J. At dusk, about 7 p.m. on September 4, 1937, the plaintiff was struck and injured by the automobile of the defendant, which the latter was driving with headlights lighted, westerly along the main highway through the village of East Canaan in the town of

Canaan. The highway had a concrete roadway twenty feet wide with a hard shoulder four feet in width on each side. From the top of the grade about four hundred and fifty feet east of where the plaintiff was struck, the road was straight with a gradual down grade toward the west. The plaintiff, a woman sixty-seven years old, having delivered a bottle of milk at a house on the south side of the road, was returning to the north side when struck. The right front headlight lens of the defendant's car was broken and the right front fender dented by the impact. These facts are undisputed.

The plaintiff testified that before crossing the road she stopped at the south edge to let a car pass going east; that she then went onto the edge of the concrete, looked both ways and saw no car coming; that at the center of the road she again looked both ways and saw no car; that when she reached the north edge of the concrete she "looked"; that as she proceeded across she walked at an ordinary gait; and that she was standing on the grass north of the north shoulder and had just picked up a bottle of milk which she had left there, when the defendant's car struck her on her right side. Further evidence upon her behalf was that the defendant's car approached at from forty-five to fifty miles per hour. The defendant's evidence was that he was driving at from thirty to forty miles an hour along the middle of the northerly half of the concrete; that the plaintiff ran across in front of his car just after passing either in front or in back of the car proceeding easterly; that the first and only time that he saw her was at the center of the road; and that applying his brakes he continued without change of course and brought his car to a stop within fifteen feet after hearing the impact.

The court set aside the verdict for the plaintiff on

the ground that the jury were unwarranted in finding the plaintiff free from contributory negligence. The memorandum of decision states that the plaintiff "either did not look at all or else if she did look, . . . it was without . . . any care at all on her own part. It is inconceivable that she should not have seen . . . this approaching car." This indicates that the court's decision was predicated upon the plaintiff's failure to discover the approaching car. Assuming that its conclusion would have been correct within the principle which the court relied upon in *Hizam* v. *Blackman,* 103 Conn. 547, 551, 131 Atl. 415, had the undisputed evidence here, as there, fixed the point of impact within the limits of the traveled portion of the highway, that is not the situation presented by the record before us. The plaintiff's own testimony that she was struck while standing on the grass north of the north shoulder of the road is afforded corroboration by the further facts in evidence that it was the right front portion of the defendant's car that struck her, that she lay in the grass two or three feet from the shoulder after being struck, that there was glass from the defendant's headlight and the milk bottle on the shoulder and also from the bottle in the grass to the north of it, that after the impact the defendant's car was off on the shoulder with its right front wheel and with its left "a little bit" on the concrete, and that there were wheel marks "on the concrete going off the road." The defendant's testimony that as he proceeded and also when he stopped, his car was in the middle of the north half of the concrete and that it stopped with its right wheels two feet south of the northerly edge of the concrete, is corroborated by the testimony of other witnesses that his car did stop in the center of the north half of the concrete with marks leading "straight back" from its rear tires, that two parallel tire burn

marks extended back from it toward the east for fifty feet with the more northerly one two feet south of the edge of the concrete, and that the impact was "out there in the center" of the road. This conflict of evidence presented a question of fact for the jury's determination, which for the purposes of this appeal it must be presumed was resolved in the plaintiff's favor, fixing the place of impact well off the traveled portion of the road.

As this court has said in *Kurtz* v. *Morse Oil Co.,* 114 Conn. 336, 340, 158 Atl. 906, in considering the meaning of "traveled portion" of the highway as used in the rules of the road statute, "the hardened surface of such a highway is the portion intended for travel, and . . . the dirt shoulder is intended for emergency use only, a safe place of refuge when the traveler is forced off the road by the exigencies of modern traffic." The shoulder is not a part of the highway intended for ordinary travel. *Mlynar* v. *Merriman & Sons, Inc.,* 114 Conn. 647, 651, 159 Atl. 658. See also *DeLucia* v. *Kneeland,* 108 Conn. 191, 197, 142 Atl. 742. While these decisions are not authority for the proposition that a pedestrian upon reaching a point on the further shoulder or beyond in crossing a highway, is thereby excused from any further duty to use reasonable care, they do indicate that by reason of the difference in circumstance in the contemplated and customary use by vehicles of the two locations, reasonable care ordinarily requires less of a pedestrian on the road's shoulder, than of one on the road itself. *Kapilonuz* v. *Sundman,* 123 Conn. 214, 217, 193 Atl. 749; 2 Blashfield, Automobile Law & Practice, § 1417. See also *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 162 Atl. 4. This was true of this plaintiff.

The point determinative of the motion to set aside the verdict, therefore, was not whether the plaintiff

was negligent as a matter of law in failing to look or to see the defendant's approaching car as she proceeded across the traveled portion of the highway, but rather whether after reaching the north shoulder or the grass beyond, she was negligent as a matter of law either in what she did or failed to do under the circumstances. Giving the plaintiff the benefit of the most favorable inferences to be drawn from the evidence, it cannot be said that she was. Whether she was contributorily negligent was a question for the jury. *Miller* v. *Adkisson,* 112 Conn. 658, 660, 153 Atl. 774; *O'Connor* v. *Zavaritis,* 95 Conn. 111, 115, 110 Atl. 878. The court therefore erred in setting aside the verdict.

There is error, and the case is remanded with direction to enter a judgment for the plaintiff in accordance with the verdict.

In this opinion the other judges concurred.