William S. Shea, J.
After the trial of this action for legal services on a quantum meruit basis, the jury rendered a verdict in favor of the plaintiff law firm against the defendant in the amount of $9,245.44. At that time plaintiff requested interest to be added to the verdict from the date of demand, April 24, 1964.
This action was commenced on April 13,1965.
The application by plaintiff, after verdict, for interest to be added to the verdict from April 24,1964, the date of the demand, was denied. The court added interest to the verdict from the date of the commencement of the action because the bill was *415 not considered by the court to be a valid demand, for it was less than the amount sued for. The matter was held open by the court to allow the plaintiff to support its application for interest from April 24, 1964.
Subsequent letter memoranda were received from both plaintiff and defendant.
The defendant contends that the court was correct and that interest should be added from the date of the commencement of the action, April 13, 1965.
The case of Prager v. New Jersey Fid. & Plate Glass Ins. Co. (245 N. Y. 1) which is relied upon by both sides herein, is still good authority under CPLR 5001 (subd. [a]), but it is no longer authority for determining the date from which interest is to be computed and added to a verdict in an action in quantum meruit for legal services, commenced after September 1, 1963 and is thus not applicable to this case,
The court finds that the date from which interest is to be computed and added to a verdict, in all actions on contract, which includes an action for quantum meruit, commenced after September 1, 1963 is governed by CPLR 5001 (subd. [b]) and this applies to actions pending on September 1, 1963 even though those actions be based on transactions that occurred prior to the passage of the CPLR on that date. (CPLR 10003.) (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5001.02, 5001.04 and 5001.10.)
CPLR 5001 (subd. [b]) states: “interest shall be computed from the earliest ascertainable date the cause of action existed ”.
In this case, the evidence shows that the parties first discussed the full amount of the fee for services rendered in plaintiff’s office on April 24, 1964, and that was the first time that the defendant refused to pay any fee to the plaintiff. That was the earliest ascertainable date that plaintiff’s cause of action against the defendant existed and interest should be computed from that date.
The court’s determination that interest be added to the verdict from April 13,1965, the date of the commencement of the action, is hereby recalled and the court hereby directs that interest be added to the amount of the verdict from April 24,1964.