[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint in this action contains four counts. The first and second counts are based upon negligence for failure to control a dog which bit the minor plaintiff, Michael Perry, and it was commenced by his mother, Donna Perry, as parent and next friend. The second count is by Donna Perry individually to recover medical expenses. The third and fourth counts are based upon the dog bite statute, section22-357 of the General Statutes.
The defendant filed a special defense to the second count, claiming negligence on the part of the minor plaintiff in that his negligence was the proximate cause of the damages incurred by his mother. The plaintiff has filed a motion to strike the special defense, claiming that the negligence of the child is not a defense to the parent's cause of action.
With a motion to strike, all of the facts alleged in the pleadings are accepted as true and it is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37. While a motion to strike can be used to test the legal sufficiency of a pleading, and admits all facts pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108; Blancato v. Feldspar Corporation, supra, 36, 37. If facts provable under the allegations would support a defense, the motion to strike must fail. Passini v. Decker, 39 Conn. Sup. 20, 21; Nowak v. Nowak, 175 Conn. 112, 116.
While the plaintiffs claim that the negligence of the child is not a defense to the parent's cause of action, they cite no legal authority squarely deciding this issue in their favor. In fact, Connecticut law supports the defendant's position. In Shiels v. Audette, 119 Conn. 75, 77 (1934), it was held that where there was no cause of action in favor of a child who was a passenger in a car, because of the automobile guest statute which was then in effect, the parent could not recover either. The court stated at page 77:
"When a minor child is injured by the negligent act CT Page 2195 of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services and expenses, caused by the injury to the child. The right of the parent to recover is independent of the right of the child, and the judgment in an action brought by the child would not preclude the parent from recovering in an action brought by him unless some such circumstances existed as in Kenure v. Brainerd 
Armstrong Co., 88 Conn. 265, 267, 91 A. 185, where a father brought the action as next friend of his daughter and the entire damages ws were claimed in it. The parent is not regarded in law as either a party or privy to an action brought by a child and hence is not bound by the judgment thereunder. Nevertheless, an essential element of the cause of action vested by law in the parent is that the compensation recoverable by him for expenses flows from a personal injury for which, under the law, the child would be entitled to recover compensation. Proof of that fact is an essential prerequisite to recovery. If the child was not entitled to recover compensation for his injury, there can be no recovery by the parent. `If the injury occurs under such circumstances as do not give the child a right of action for personal injury, the father cannot recover."'
It was also held in Wueppesahl v. Connecticut Company,87 Conn. 710, 711 (1913) that if a child cannot recover in a negligence action against a defendant because of the child's contributory negligence, neither can the parent recover for lost earnings and medical expenses. See also Connecticut Law of Torts, second edition, section 77, page 154; 59 Am.Jur.2d 250, 251, Parent and Child, section 112 ("if the child failed to exercise the care proper to be required of one of its age, and that lack of care contributed to the accident, the parent's recovery is defeated or limited.").
The motion to strike the special defense is denied.
Robert A. Fuller, Judge. CT Page 2196