[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This in an action to foreclose a mortgage. The uncontroverted facts show that the husband and wife co-defendants signed plaintiff's one year note in the amount of $15,000. The note was secured by certain real property owned by the defendants. The instruments are not subject to any factual or legal disputes.
It is also uncontroverted that prior to and continuing beyond the execution of these instruments, plaintiff engaged the defendant — husband, a New York attorney, to render certain legal services. At no time during the attorney — client relationship was a fee discussed. Said relationship was terminated on May 25, 1985.
This suit was instituted May 30, 1990. Plaintiff represents that payment has not been made. He seeks the principal amount, interest, costs and attorney's fees. Defendant claims that the reasonable value of the legal services has extinguished the debt, full by payment or in part by set off.
At common law, in Connecticut, payment of a debt is one of the few defenses to a foreclosure suit. Petterson v. Weinstock,106 Conn. 436, 437, 183 A. 443 (1927). Once the note is paid the CT Page 3509 mortgage is discharged. Palmer v. Uhl, 112 Conn. 125, 128,111 A. 355 (1930). The reasonable value of legal services may be used to extinguish the note. George Rood v. Florence Rood, 13 Conn. Sup. 318,319, ___ A. ___ (1945).
When an attorney's fee is not discussed a reasonable fee is contemplated. Pearl v. Nelson, 13 Conn. App. 170, 174, 539 A.2d 1257
(1988). The court has a general knowledge of what would be a reasonable attorney's fee. Appliance Inc. v. Yost, 186 Conn. 673,680, 443 A.2d 486 (1982). The proponent need merely "lay a foundation to enable the trier to make a fair and reasonable estimate." Dooley v. Leo, 184 Conn. 584, 587, 440 A.2d 236 (1981), quoting Halderman v. Robert Hall of Waterbury Inc., 145 Conn. 410,417, 177 A.2d 60 (1958).
At trial defendant's expert laid a foundation as to the nature and extent of the legal service rendered and the value of those services. The expert testified that the service rendered encompassed two business arrangements attempted by the plaintiff. He further testified that the various pleadings, briefs, memoranda, and letters required 187 man hours and that the reasonable value ranged from $100.00 to $150.00 per hour.
The acceptance or rejection of an expert's opinion is a matter particularly within the province of the trier of fact. Hutinsky v. Avon, 163 Conn. 433, 438, 311 A.2d 92 (1972). This is specially true when the issue is attorney's fees. Taft v. Valley Oil Co.,126 Conn. 154, 161, 9 A.2d 822 (1936). Based on the expert's complete and credible description of the services rendered, a finding is made that the defendant performed 187 hours of legal services for his client — the instant plaintiff.
Moving now to the rate, the court notes that it is not bound by an expert's valuation, Carangelo v. Nutmeg Farm Inc., 115 Conn. 457,463, 162 A. 4 (1932), and may allow a lesser figure. Piantedosi v. Florida, 186 Conn. 275, 279, 440 A.2d 977 (1982). Defendant admits, in his exhibit labeled "S-11", that his fee while acting as an arbitrator in a major dispute is $50.00 per hour. The court has a general knowledge as to the level of expertise reflected by the legal services rendered to the plaintiff approaches that of an arbitrator involved in a major dispute. Accordingly the value of the legal services the defendant rendered to the plaintiff is fixed at $50.00 per hour.
The total legal fee is 187 hours at $50.00 per hour or $9,350. That total does not reach the amount of the debt. Therefore, the debt is not extinguished and the defense of payment fails.
No other defenses are pled by the defendant. The mortgage is ordered foreclosed. Law day is July 1, 1992. The plaintiff is CT Page 3510 also awarded interest, costs, and attorney's fees. For the purposes of redemption and calculation of interest the discussions infra shall be controlling.
 II.
Alternatively the defendant asks for the reasonable value of his legal services be set off against the note. The defendant is in compliance with C.P.B. 168 and C.G.S. 52-139. The set off is granted.
 III.
In a post-trial motion the defendant prays for additional relief in the form of interest on the amount of the set off. Interest is denied.
The practical effect of a set off is to reduce a prior outstanding balance, not the creation of an account payable. Procedurally the set off amount is to be applied on the date suit was instituted. Leonard Tucker v. George R. Jewett, 32 Conn. 563,564 (1865). Thus, if any interest is due it would have been generated prior to the existence of the action. In the instant case it must been generated prior to May 30, 1990. As such there would be no sum from which interest may be generated. Id.
Defendant argues that the interest should be awarded from May 25, 1985, the date the attorney — client relationship ended. Defendant relies on New York statute C.P.L.R. 5001 (subd. [b]], which states in pertinent part, ". . . interest shall be computed from the earliest ascertainable date the cause of action existed." The defendant's interpretation of C.P.L.R. 5001 (subd.[b] is much too broad.
New York case law defines the "earliest ascertainable date" in an attorney fee dispute as that date on which the full amount of the fee is disclosed and the date on which payment is refused. Bergerman and Harwick v. Harman, 51 Misc.2d 414-415, 273 N.Y.S.2d 329
(1966). The evidence presented set the disclosure date as the date defendant's answer was served on the plaintiff, August 2, 1990. The refusal to pay in the form of plaintiff's denial; of the set off was served on the defendant November 30, 1990.
The fact that there are two dates is unimportant to the instant case. This court needs only make a finding that the respective dates of disclosure and refusal fell after the date on which the set off was applied to deny the defendant interest. That finding is made. Interest is denied.
DEAN, JUDGE CT Page 3511