[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
PLEADINGS CT Page 3941
By AMENDED COMPLAINT dated August 3, 1990, the plaintiff homeowner alleged that the defendant contractor negligently constructed an addition and deck on the plaintiff's home (first and second counts), and that the work was not done in a workmanlike manner as agreed third count).
In its November 7, 1990 ANSWER, the defendant denied any negligence or failure to do the work in a workmanlike manner, and alleged in its special defenses that the plaintiff's damages were caused by his own negligence, recklessness or comparative fault. The defendant also claims a set-off for $900.00 owed to him pursuant to the terms of the agreement between the parties, and for $387.83 for money paid to the plaintiff for work performed by another subcontractor.
DISCUSSION
The court has reviewed all the evidence in the case, both the oral testimony and the exhibits admitted into evidence, has evaluated the credibility of the various witnesses, and based upon all of that, has reached the following conclusions.
The parties entered into a contract on April 10, 1988 in which the defendant agreed to "Building a 14' x 16' sun room on top of a 30' by 16' pressure-treated deck." The plaintiff agreed to pay $21,600.00 for this work. The contract also provided that "Building Permit and Plot Plan To Be By Owner," and pursuant thereto the plaintiff applied for a building permit, listing himself as contractor, with an estimated cost of $4,800.00 for the project. As contractor, the plaintiff was responsible to the Town of Norfolk to arrange for Town inspection at various stages of construction so that the Town could make sure that the work to that point was in compliance with the State Building Code. As general contractor on this project, the plaintiff did some of the work himself, and subcontracted the rest to various contractors such as the defendant. Any dealings that this job required with the Town of Norfolk were the responsibility of the plaintiff. However, he did not call for inspections as required; in fact he did not seek any inspection at all until he applied for a building permit, when the work was almost complete. CT Page 3942
The defendant performed various portions of his work on this job in a negligent and non-workmanlike manner. The court finds the testimony of the building inspector, Kenneth A. Moeckel and of the plaintiff on this issue to be credible. Mr. Moeckel testified that there were many specific violations of the Building Code, and that since the work was almost finished when the plaintiff first asked for an inspection, a complete inspection as called for by the Building Code was impossible. He gave detailed testimony concerning these nine violations, as did the plaintiff. However, if the plaintiff, as general contractor, had fulfilled his duty of arranging for Town inspection at the various appropriate stages of construction, the cost of correcting the defects involved would have been less than it actually was. The plaintiff must bear the responsibility for this.
The plaintiff claims damages in the amount of $9,600.00, representing the cost for a carpenter to correct the code violations and work improperly performed by the defendant.
He paid this amount to the carpenter.
 `[P]roof of the expenses paid . . . affords some evidence of the value of the services, and if unreasonableness in amount does not appear from ocher evidence or through application of the trier's general knowledge of the subject-matter, its reasonableness will be presumed.' Flynn v. First National Bank Trust Co., 131 Conn. 430, 436, 40 A.2d 770 (1944), quoting Carangelo v. Nutmeg Farm, Inc., 115 Conn. 457, 462, 162 A. 4 (1932); see Tompkins, Inc. v. Bridgeport, 94 Conn. 659, 110 A. 183 (1920).
Fuessenich v. DiNardo, 195 Conn. 144, 156 (1985).
The plaintiff was familiar with home improvement work, and the defendant had the opportunity to cross examine him about this cost, so the court will consider it as some evidence of the value of the services.
On the other hand, based on the defendant's testimony, the CT Page 3943 court believes that the reasonable worth of the services performed by Mr. Leichner, the replacement contractor, was less than $9,600.00. The court finds that it was $6,400.00. Of this $6,400.00 loss, the plaintiff is responsible for a portion, because if he had discharged his responsibilty [responsibility] to have periodic inspections by the building inspector, the cost of remedying the defects would have been less.
The court awards the plaintiff the sum of $4,480.00 ($6,400.00 minus $1,920.00), giving the defendant an allowance of $1,920.00 because of the above-described negligence of the plaintiff, and because the defendant is not liable for that part of the damages.
As to the set-off claim of the defendant, the court finds that he has not sustained his burden of proving that he completed the addition, which he would have to establish in order to be entitled to the claimed $900.00. As to the claim for the $387.23 which the defendant paid to the plaintiff to reimburse him for money paid to another contractor to repair a roof leak, the defendant paid the full amount at the plaintiff's request, and the court treats that as an acknowledgement by the defendant that the repair was his responsibility. Therefore, the defendant is not entitled to any set-off.
RICHARD A. WALSH, J.