[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
On August 26, 1993, the minor plaintiff, Zachary Dunn, through his mother and next friend, Christine Dunn, commenced this medical malpractice action against the defendants, M.D. James Balducci and OB/GYN Associates of West Hartford. The plaintiff alleges that defendant Balducci, while employed at OB/GYN Associates, negligently performed a circumcision on the plaintiff. On June 14, 1994, pursuant to the defendants' request to revise, the plaintiff filed a two count revised complaint. In count one of the revised complaint, the plaintiff alleges that as a result of the defendants' negligence, he has suffered various injuries, some of which may be permanent. In paragraph 10 of the first count, the plaintiff seeks recovery, pursuant to General Statutes 52-204, of expenditures for medical and surgical care and treatment as a result of the malpractice.
The second count of the revised complaint is brought by the plaintiff's mother, Christine Dunn, purportedly in her individual capacity as a plaintiff. The "plaintiff-mother" also seeks recovery for expenses incurred for medical and surgical care and treatment for her minor child.
Defendant Balducci has now filed a motion to strike count CT Page 8222 two of the plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted. Pursuant to Practice Book § 155 both parties have filed memoranda of law in support of their respective positions.
A motion to strike challenges the legal sufficiency of a pleading, or any count thereof, to state a claim upon which relief can be granted. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In deciding on a motion to strike, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency."Michaud v. Warick, 209 Conn. 407, 408, 551 A.2d 738 (1988). The court is limited to the facts alleged in the challenged pleading; King v. Board of Education of Watertown, 195 Conn. 90,93, 486 A.2d 1111 (1985); and must admit the truth of all facts well pleaded. Mingachos v. CBS Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action."Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford,Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983).
In the interest of avoiding unnecessary litigation, the legislature passed the predecessor to General Statutes § 52-204 to permit a minor to recover in an action brought by him the expenses to which his parents have incurred. Petro v.Radcliffe, 7 Conn. Sup. 479, 481 (1939). General Statutes §52-204, in pertinent part, provides:
 In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the . . . . parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such . . . . parent . . . .
General Statutes § 52-204.
General Statutes § 52-204 makes the recovery of medical expenses in an action in behalf of the minor child a bar to any claim by the parent, for the same expenses. Shabazz v. Price, Superior Court, Judicial District of New Haven at New Haven, Docket #353763 (April 22, 1994, Hodgson, J.) While a parent may bring an action for a child's medical expenses without bringing an CT Page 8223 action on behalf of the child; Dzenutis v. Dzenutis, 200 Conn. 290,308, 512 A.2d 130 (1986); the parent may not seek the same items of loss both for the child and for himself. Shabazz v.Price, supra; Botelho v. Curtis, 28 Conn. Sup. 493, 495 (1970);Ciccio v. Arborio Corp. , 6 CSCR 554 (May 17, 1991, Hodgson, J.);Duncan v. Snow, Superior Court, Judicial District of Waterbury, Docket #101485, (October 9, 1991, Blue, J.).
Moreover, Zachary Dunn has brought this action through his mother, Christine Dunn, as his next friend. "The next friend representing an infant plaintiff is in no sense a party to the action, nor has he any interest in the litigation, but the real party plaintiff in the suit is still the infant." Botelho v.Curtis, supra; citing 42 Am.Jur.2d 152 Infants, § 161. Even though in this action the plaintiff's mother is the plaintiff's next friend, she is acting solely in her capacity as next friend, and not in her capacity as mother. (Citations omitted.)Id., 496.
In Carangelo v. Nutmeg Farm, Inc., 115 Conn. 457, 461,162 A. 14, (1932) it was held that an infant plaintiff's mother, the surviving parent, by bringing the action as the plaintiff's next friend waived or relinquished in his favor her right to recover expenses for medical expenses, surgical treatment and hospital care. see also Kenure v. Brainerd Armstrong Co., 88 Conn. 265,267, 91 A. 185 (1914).; Shiels v. Audette, 119 Conn. 75, 77-81,174 A. 323 (1934).
Whether it is to be considered that Christine Dunn waived her right to recover the medical expenses by bringing this action as the next friend of the minor plaintiff, or it be considered that General Statutes § 52-204 precludes her from bringing this unnecessary litigation, Christine Dunn is barred from bringing this action for the same items of loss as her child.
In opposition to the motion to strike, the plaintiff argues, inter alia, that the bar of General Statutes § 52-204 is a limitation on liability and should be addressed by a special defense rather than a motion to strike. New England Savings Bankv. FTN Properties Limited Partnership, 32 Conn. App. 143, 146,628 A.2d 30 (1993). Mrs. Dunn, however, is not limited in her claim against the defendants, she is barred. A motion to strike challenges the legal sufficiency of a pleading. Count two fails to state a legally sufficient claim. Accordingly, the defendant's motion to strike is granted. CT Page 8224
PICKETT, J.