[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 20, 1996, the jury in the above case rendered a verdict in favor of the defendants as against the plaintiff.
The plaintiff filed a motion to set aside the verdict on August 22, 1996. On January 30, 1997, the plaintiff withdrew her action as against the defendant Charles Powers. The court has been asked to rule upon the motion as against the defendant Brian L. Duryea.
The plaintiff claimed nine grounds to set aside the verdict. However, the grounds relating to damages are no longer relevant and will not be addressed by the court. Although claims were made as to the evidence and rulings on evidence, they were not pursued in the plaintiff's memorandum of law dated January 6, 1997, nor in her oral argument on April 22, 1997, and will therefore be addressed by the court. CT Page 3802
The plaintiff presents three arguments to set aside the verdict.
1. The court failed to properly charge the jury of the meaning of C.G.S. § 14-233 which specifies that passing a vehicle on the right is permitted only under certain circumstances and most particularly, "Such movement shall not be made by driving off the pavement or main travelled portion of the highway . . ."
2. Deliberate confusion of the court by defense counsel Michael Durham presented unrelated cases to the court to mislead it into giving an incorrect charge to the jury regarding the definition of the shoulder of the road.
3. Failure of the court to submit interrogatories to the jury as to the degree of culpability of each defendant.
It is to be noted that the plaintiff took no exceptions to the court's charge. However, she claims that she submitted a request to charge number 14, which asked the court to charge:
 "When the statute talks of "main travelled portion of the highway," the hardened surface of such roadway is the portion intended for travel and the shoulder is intended for emergency use only . . . the shoulder is not a part of the highway intended for ordinary travel."
 Kurtz v. Morse Oil Co., 114 Conn. 336, 348, cited atMinacci v. Logudice, 126 Conn. 348 (1940).
There was evidence in the case that the defendant Powers was stopped, facing south on West Thames Street, Norwich, signaling a left turn. The defendant, Duryea, was proceeding south on West Thames Street, passed Powers on the right and collided with the plaintiff, who was going north on West Thames Street and attempted to make a left turn in front of the Powers vehicle. There was evidence that Duryea may have had the right wheels of his vehicle to the right of the white line on the roadway about three feet from the right edge of the pavement. The evidence was conflicting as to whether he was to the right of the white line. There was also a question of whether there was a white line in the area at the time of CT Page 3803 the accident.
The defendant claims that the cases cited by the plaintiff support the argument that the travelled portion of the highway includes the complete paved portion, not just the area to the left of the white line. The Kurtz case, supra, does not discuss a "white line" but rather a dirt shoulder which was not a part of the travelled portion of the road, but for emergencies only. In that case the trial court charged that the jury could include the dirt shoulder in the travelled portion of the highway. This charge was clearly erroneous according to the Supreme Court. No case cited by either party held that the area to the right of the white line was not the travelled portion of this highway or that it was a violation of the statute to drive to the right of it.
As to the claim of deliberate confusion by defense counsel, by presenting unrelated cases for review by the court, the claim is totally without merit. Both counsel presented cases the morning of August 20, 1996 for review by the court. None were directly in point and the court considered them and then deliberately rejected them. Although the cases presented by the defendant, while not exactly on all fours with the case at hand, were helpful on the issues of what constituted the travelled portion of the highway.
Finally, the plaintiff claims that the court should have submitted interrogatories to require the jury to determine the degree of negligence attributable to each defendant. That was not necessary in this case because the court charged the jury that the plaintiff's verdict form would require the jury to assess the percentage of responsibility for the plaintiff and each defendant.
For all of the foregoing reasons, this motion to set aside the verdict is denied.
D. Michael Hurley Judge Trial Referee