[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO FACT FINDING
The plaintiff has sued the defendants in this case to recover for the reasonable value of medical and hospital services rendered to the defendant Susan Sanders in November of 1997.
The matter was tried to an attorney fact finder, pursuant to Conn. Gen. Stat. § 52-549n and Conn. Prac. Book § 23-53. The fact finder filed a finding on June 7, 1999, recommending judgment for the defendants. The plaintiff objects to the finding. The court must decide whether to accept the finding of fact and render judgment thereon, or reject the finding. Conn. Prac. Book §23-58.
The plaintiff Yale-New Haven Hospital initiated this action on July 7, 1998, against Susan Sanders and Donald Sanders. The complaint is in three counts. In Count I against Susan Sanders, the plaintiff alleges that it rendered medical services to her on November 24, 1997, for which it expected payment; and that the reasonable value of the medical services for which it had not received payment was $5463.77. In Count II the plaintiff repeats the allegations of Count I and alleges that Donald Sanders, her spouse, is jointly responsible with her for payment, pursuant to Conn. Gen. Stat. § 46b-37. In Count III, the plaintiff alleges that Susan Sanders agreed in writing to pay the outstanding debt and is thus obligated to pay for the reasonable value of the services on an express contract theory.
The defendants admit that the hospital services were rendered to Susan Sanders with the expectation of payment and that the defendants have not made the payment demanded by the hospital. They deny the paragraphs of each count that allege that the CT Page 11466 hospital's charges were reasonable, and they deny the existence of any written agreement.
By date of August 24, 1998, the plaintiff moved for summary judgment, attaching an affidavit of debt signed by a director of patient accounts at the hospital. The affidavit attests that the hospital carries a balance due of $5463.77 from the defendants but is silent as to how the charge was computed or on what basis the charge might be considered reasonable. The defendants, in opposing summary judgment, submitted papers showing that they had attempted to ascertain the basis for the charges but that the hospital had not given them a sufficiently detailed description of what the charges were for, much less a basis for determining that the charges were reasonable.
The court (Moran, J.) denied summary judgment, finding that there was a genuine issue of material fact "as regards the reasonable value of the services rendered to the plaintiff Susan Sanders." Memorandum, Oct 13, 1998.
Discovery was completed and the matter was tried to the attorney fact finder on February 24, 1999. Following the submission of post-trial briefs, the fact finder filed his finding on June 10, 1999. He found that the hospital rendered medical services to Susan Sanders and that it had originally billed $39,839.34 for those services. of that total bill, after insurance and adjustment credits, there remained a balance of $5463.77, the disputed amount.
The plaintiff presented no evidence of any written agreement to pay the charges, so that the sole means by which the plaintiff could prevail was to prove its allegations in Count I and II that the charges were reasonable. The only evidence offered by the plaintiff was a written itemization of the charges, and the testimony of a member of the billing staff of the hospital as to how the bills were prepared. There was no evidence offered as to the reasonableness of the charges, a matter that all parties had long known was the principal issue to be tried. The fact finder found that the plaintiff had not proved its case and recommended judgment for the defendants.
The plaintiff objects. The plaintiff claims that that it is entitled to a presumption that its charges were reasonable, relying on Carangelo v. Nutmeg Farms, Inc, 115 Conn. 457, 462
(1932). That case holds that for proof of damages in a personal CT Page 11467 injury action there exists a rebuttable presumption that costs incurred by the plaintiff for medical and rehabilitative services from a non-party medical service provider are reasonable.
As the fact finder found, that case is inapposite to the situation here. Our case law approves such a presumption in assessing compensatory damages for a plaintiff who is making a claim for actual out-of-pocket costs. But our case law does not relieve a party who must plead and prove the value of services rendered or the value of a benefit conferred under an unjust enrichment or a quantum meruit theory from the necessity to prove that the charge was reasonable, whether it be a charge for carpentry services, legal services, or medical services.
In a situation where the defendants had challenged the refusal of the plaintiff to accept payments and credits of $34,375.57 as payment in full on an original bill of $39,839.34, the defendants were at least entitled to make the plaintiff prove its allegation that the remaining charges were reasonable. The plaintiff failed to offer any witness knowledgeable about the procedures and services rendered to Ms. Sanders, or even any part of the medical record showing how the services rendered were related to the amounts charged. All that was offered was the billing statement with general categories of services, and the testimony of a member of the plaintiffs accounts receivable staff as to how the bill itself was put together.
This was not a case where a "general knowledge of what would be a reasonable compensation for services" on the part of the trier of fact could substitute for some document or witness to provide an appropriate foundation for such a finding. Cf.Piantedosi v. Floridia, 186 Conn. 275, 279 (1982). Nor is this a case where the defendants agreed to pay a fixed price for certain goods or services.
When the plaintiff in a collection case must plead and prove the reasonable value of services rendered, and the defendant to whom such services were rendered interposes a good faith denial, the plaintiff must present some evidence besides the bill itself to prove the necessary element of reasonableness. The plaintiff failed to do so here, and the fact finder was entirely correct in determining that the plaintiff had failed to meet its burden.
The court overrules the plaintiffs objection and accepts the finding of fact. Judgment is entered for the defendants. CT Page 11468
Patty Jenkins Pittman, Judge